# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1326
_____

Jose Manuel Barajas-Salinas

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 21, 2013
Filed: November 19, 2013
[Unpublished]

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Mexican citizen Jose Manuel Barajas-Salinas petitions for review of the denial of his application for cancellation of removal. We dismiss the petition for lack of subject matter jurisdiction.

In 2008, Barajas-Salinas was placed in removal proceedings. He was found to be removable but applied for cancellation of removal. After a merits hearing, an Immigration Judge (IJ) denied the application. The Board of Immigration Appeals (BIA) adopted and affirmed the IJ's decision, adding some of its own factual notations. Barajas-Salinas now petitions for review.

"This court reviews the BIA's decision as the final agency action, but to the extent the BIA adopts the findings of the IJ, this court reviews those findings as part of the final agency action." R.K.N. v. Holder, 701 F.3d 535, 537 (8th Cir. 2012) (citing Matul-Hernandez v. Holder, 685 F.3d 707, 710-11 (8th Cir. 2012)).

We lack jurisdiction to review the BIA's discretionary decision to deny cancellation of removal. 8 U.S.C. § 1252(a)(2)(B). We do, however, have jurisdiction to consider "constitutional claims or questions of law raised upon a petition for review[.]" 8 U.S.C. § 1252(a)(2)(D). "We also retain jurisdiction [to] review the nondiscretionary determinations underlying a denial of an application for cancellation of removal, such as the predicate legal question whether the IJ properly applied the law to the facts in determining an individual's eligibility." Sanchez-Velasco v. Holder, 593 F.3d 733, 735 (8th Cir. 2010) (alteration in original) (internal quotation marks and citations omitted). For us to have jurisdiction over claims regarding such determinations, however, the claims must be colorable. See Saleheen v. Holder, 618 F.3d 957, 961 (8th Cir. 2010) ("[W]e have no jurisdiction unless Ms. Saleheen has raised colorable legal or constitutional claims."). "In order to be colorable, a claim must have some possible validity." Id. (internal quotation marks omitted). "A claim is not colorable 'if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" Id. (quoting Garcia-Aguillon v. Mukasey, 524 F.3d 848, 850 (8th Cir. 2008)).

Reviewing Barajas-Salinas's allegations, we find no legal or constitutional claims over which we have jurisdiction. Most of the allegations, in essence, ask the

court to review the relative weight the BIA placed on certain aspects of the evidence when deciding, in its discretion, to deny his application. We are without jurisdiction to do so. 8 U.S.C. § 1252(a)(2)(B). The remaining allegations concern the IJ's application of the law to the facts. However, with regard to the facts as articulated by the BIA, those allegations are not colorable.

The petition for review is dismissed for lack of jurisdiction.

_____