# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3285
_____

Jose Manuel Barajas-Salinas,

*Petitioner*,

v.

Eric H. Holder, Jr., Attorney General of the United States,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: May 23, 2014
Filed: July 29, 2014

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Jose Barajas-Salinas, a native of Mexico, petitions for review of a decision of the Board of Immigration Appeals denying his motion to reopen. He also challenges the Board's refusal to reopen his case *sua sponte*. We dismiss the petition for lack of jurisdiction.

The Department of Homeland Security began removal proceedings against Barajas-Salinas in 2008, charging that he had sustained a conviction for violation of a controlled substance law in Utah, and that he was therefore removable as an alien who has been "convicted of a violation of . . . any law . . . of a State . . . relating to a controlled substance (as defined in section 802 of Title 21)." *See* 8 U.S.C. § 1227(a)(2)(B)(i). The Immigration Judge determined that Barajas-Salinas was removable because of the controlled substance conviction and confirmed that Barajas-Salinas was not even denying that charge. A.R. 357, 365. Barajas-Salinas sought cancellation of removal, but the Immigration Judge denied relief in the exercise of discretion, and the Board affirmed. Barajas-Salinas petitioned for review, and this court dismissed the petition for lack of jurisdiction after determining that Barajas-Salinas raised no legal or constitutional claims regarding the decision on cancellation of removal. *Barajas-Salinas v. Holder*, 541 F. App'x 732, 732-33 (8th Cir. 2013).

In April 2013, Barajas-Salinas moved to reopen his proceedings based on new factual information that he said did not exist at the time of the original hearing. In the alternative, he requested that the Board reopen the matter on its own motion, pursuant to 8 C.F.R. § 1003.2(a). The Board denied the motion in June 2013, concluding that Barajas-Salinas had not made a *prima facie* showing that he deserved cancellation of removal in the exercise of the Board's discretion. The Board explained that because the motion to reopen was timely, it was unnecessary to address whether reopening *sua sponte* was warranted.

In August 2013, Barajas-Salinas moved the Board to reissue its June 2013 decision with a new date that would restart the time period within which he could file a petition for review in this court. According to Barajas-Salinas, neither he nor his counsel received a copy of the Board's decision from June 2013. In a supplement to the August 2013 motion, filed September 6, 2013, Barajas-Salinas also requested again that the Board reopen the proceedings *sua sponte*. Barajas-Salinas argued that the decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), decided after the

-2-

denial of his motion to reopen in June 2013, showed that he was not removable as charged.

*Descamps* held that federal courts applying a recidivism provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), must apply a "categorical approach," under which they compare the elements of the statute forming the basis for the defendant's prior conviction with the elements of the "generic crime" that would qualify the defendant for enhanced punishment. 133 S. Ct. at 2281-82. Barajas-Salinas argued that the Utah controlled substance offense under which he was convicted encompassed two substances that are not prohibited under federal law, and that "the Utah statute is not a categorical match for the general federal controlled substance statute" cited in 8 U.S.C. § 1227(a)(2)(B)(i). A.R. 18.

On September 20, 2013, the Board reissued the decision as requested. The Board also ruled that Barajas-Salinas's request to reopen filed in September 2013 (and treated as a supplement to the August 2013 motion) was untimely and barred by the regulation providing that an alien may file only one motion to reopen removal proceedings. *See* 8 C.F.R. § 1003.2(c)(2). The Board went on, however, to explain why it would not exercise its discretion to reopen the proceedings *sua sponte*. The Board was not persuaded that the publication of *Descamps* was the kind of fundamental change in law for which *sua sponte* reopening is warranted. The Board also said that *Descamps* did not prohibit the Immigration Judge from examining the charging document in Barajas-Salinas's case to see that he was convicted of possessing cocaine—a controlled substance listed under both federal and Utah law. On that basis, the Board explained that even if *Descamps* did create a "fundamental" change in law, reopening the case on its own motion would not be warranted.

In his petition for review, Barajas-Salinas argues that the Board abused its discretion in June 2013 by denying his motion to reopen filed in April 2013. Because Barajas-Salinas was removable by reason of a conviction covered under 8 U.S.C.

-3-

§ 1252(a)(2)(C), judicial review of the denial of his motion to reopen is limited to constitutional claims or questions of law. *Id*. § 1252(a)(2)(C)-(D); *Hanan v. Mukasey*, 519 F.3d 760, 763 (8th Cir. 2008). Petitioner's quarrel with the Board's evaluation of the new factual information that he presented with the April 2013 motion presents no question of law. We thus have no jurisdiction to review the Board's June 2013 order denying the April 2013 motion to reopen.

Barajas-Salinas also asks us to review the Board's refusal in September 2013 to reopen the proceedings on its own motion. We lack jurisdiction to review the Board's refusal to reopen a case *sua sponte*, because there is no meaningful standard against which to judge the agency's exercise of discretion, and the determination is committed to agency discretion by law. *Tamenut v. Mukasey*, 521 F.3d 1000, 1001, 1004-05 (8th Cir. 2008) (en banc) (per curiam).

Barajas-Salinas points out that two courts apparently have recognized an exception to the rule that decisions on *sua sponte* reopening are committed to agency discretion. He urges that we may exercise jurisdiction "to the limited extent of recognizing when the BIA has relied on an incorrect legal premise." *Pllumi v. Att'y Gen.*, 642 F.3d 155, 160 (3d Cir. 2011); *see also Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). The "incorrect legal premise" in *Pllumi* concerned the agency's potential misinterpretation of a regulation, *id*. at 162-63; *Mahmood* involved the agency's mistaken view that the alien's failure to depart timely from the United States conclusively barred an adjustment of status. 570 F.3d at 467.

The Board has reopened on its own motion when it finds a "fundamental change in the principles of the law of asylum," *In re G-D-*, 22 I. & N. Dec. 1132, 1135 (BIA 1999) (citing *Matter of X-G-W-*, 22 I. & N. Dec. 71 (BIA 1998)), but it also has explained that not every "incremental development in the law" that "potentially enhances the stature" of an alien's claim represents a "fundamental change in the law" that warrants reopening. *Id*. Barajas-Salinas contends that we

-4-

should exercise jurisdiction to review whether *Descamps* represented a "fundamental change in the law" and, if so, whether *Descamps* is material to his removability.

In our view, the amorphous phrase "fundamental change in the law" provides no more meaningful standard for judicial review than the "exceptional situations" standard found wanting in *Tamenut*, 521 F.3d at 1004-05. The governing regulation, 8 C.F.R. § 1003.2(a), still grants the Board unfettered discretion to reopen *sua sponte* as it sees fit. The Board's recognition of a "fundamental change in the law" in a particular case is simply a means of describing when the Board has decided that a certain intervening development constitutes an "exceptional situation" warranting an exercise of its discretion to reopen. A finding of "fundamental change" is thus an expression of discretion; it is not the sort of "legal premise" that concerned the courts in *Pllumi* and *Mahmood*. We therefore lack jurisdiction to review the Board's refusal to reopen *sua sponte*.[*]

The petition for review is dismissed for lack of jurisdiction.

_____

_____

[*]We reserve judgment on whether this court would accept the approach of *Pllumi* and *Mahmood* in an analogous situation, given that the exception to judicial review for agency action committed to agency discretion is typically characterized as categorical, *see Lincoln v. Vigil*, 508 U.S. 182, 191 (1993); *Webster v. Doe*, 486 U.S. 592, 610 (1988) (Scalia, J., dissenting), and the Supreme Court elsewhere has rejected a similar "theory of partial reviewability" because the "discretionary character of the administrative action involved" excluded a judicial remedy altogether. *Schilling v. Rogers*, 363 U.S. 666, 675-76 (1960). An assertion of jurisdiction to the "limited extent" of evaluating a legal premise of the Board may require us to determine whether a court also may assert jurisdiction to review such matters as an incorrect factual premise or an incorrect analytical premise of the Board's decision to refuse reopening, and whether "limited" assertions of jurisdiction would be consistent with 5 U.S.C. § 701(a)(2) and this court's decision in *Tamenut*.

-5-