# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1128
_____

Martin A. Cespedes-Felix

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: March 4, 2019
Filed: March 8, 2019
[Unpublished]
_____

Before BENTON, WOLLMAN, and KELLY, Circuit Judges.
_____

PER CURIAM.

Martin A. Cespedes-Felix, a citizen of the Dominican Republic, petitions for review of an order of the Board of Immigration Appeals (BIA), denying his motion to reconsider or to remand a final order of removal.

This court lacks jurisdiction to review the BIA's decision not to exercise its discretionary "sua sponte" authority to reopen the removal proceedings. See Barajas-Salinas v. Holder, 760 F.3d 905, 907 (8th Cir. 2014) (appeals court lacks jurisdiction to review BIA decision declining to exercise its sua sponte authority to reopen removal proceedings). Because Cespedes-Felix was found removable due to his conviction for a controlled substance offense, see 8 U.S.C. § 1227(a)(2)(B)(I) (providing that any alien who at any time after admission has been convicted of any state or federal law or regulation relating to statutorily defined controlled substance--other than a single offense involving possession for one's own use of 30 or less grams of marijuana--is deportable), review of the BIA's determination that certain post-decision evidence was not material, and would not otherwise change the ultimate outcome of his case, is precluded by the criminal alien jurisdictional bar, see 8 U.S.C. § 1252(a)(2)(C) (stating that no court shall have jurisdiction to review any final order of removal against alien who is removable by reason of having committed certain criminal offenses, including controlled substance offenses covered by § 1227(a)(2)(B)).

Cespedes-Felix's claim that he was denied due process, however, is not precluded from review. See 8 U.S.C. § 1252(a)(2)(D) (providing exception to subparagraph (C)'s bar, for review of "constitutional claims or questions of law"). Nevertheless, upon de novo review, we conclude that Cespedes-Felix's due-process claims lack merit. See Alva-Arrellano v. Lynch, 811 F.3d 1064, 1066 (8th Cir. 2016) (explaining standard of review; in context of removal hearing, alien alleging due process violation must demonstrate both fundamental procedural error and prejudice).

The petition is denied. See 8th Cir. R. 47B.

_____