NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VAN DUNG LE, AKA Van Lee Dung,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-70995

Agency No. A025-054-726

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2020
Portland, Oregon

Before:  BENNETT and MILLER, Circuit Judges, and NAVARRO,[**] District
Judge.

Van Dung Le petitions for review the Board of Immigration Appeals' (BIA)

denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252 and

grant the petition in part and deny the petition in part.

Le based his motion to reopen his 2000 immigration proceeding on a change

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Gloria M. Navarro, United States District Judge for
the District of Nevada, sitting by designation.

in the law brought about by two cases—*Lopez v. Gonzales*, 549 U.S. 47 (2006), and *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014)—that invalidated one of the two bases for his removal (that he had been convicted of an aggravated felony). Thus, Le contended he was entitled to "equitable tolling" of the deadline for filing a motion to reopen. He also asserted that he was entitled to equitable tolling based on his mental illness. In addition, Le argued that an extraordinary circumstance justified sua sponte reopening—that he was mentally incompetent during his initial immigration proceedings. Le's final argument was that changed country conditions show he would likely be persecuted upon his return to Vietnam.

Le first sought reopening before an Immigration Judge (IJ) and appealed the IJ's denial to the BIA. The BIA affirmed the IJ's denial. The BIA first affirmed the IJ's rejection of Le's claim to equitable tolling based on *Lopez* and *Rendon*, stating that "[a] subsequent change in the law over 14 years after the issuance of [his] final removal order is not, however, a valid basis for equitably tolling the 90-day deadline on a motion to reopen" and that "[t]he [IJ] properly declined to equitably toll the 90-day deadline for the respondent's motion for over 18 years." In doing so, the BIA cited to the IJ's entire discussion denying equitable tolling, in which the IJ determined that a change in the law did not serve as a proper basis for equitable tolling and that Le did not present evidence that he acted with due diligence.

2

The BIA rejected Le's claim to equitable tolling due to a mental illness and further found he did not present evidence that demonstrated that he was mentally incompetent during his underlying immigration proceeding. The BIA then declined sua sponte reopening as Le did not present an exceptional circumstance, pointing in part to his lengthy criminal history. Finally, the BIA affirmed the IJ's denial of sua sponte relief based on changed country conditions as the record did not reflect that Le would be persecuted in Vietnam for being Catholic, mentally ill, or having applied for asylum elsewhere.

We review the BIA's "denial of a motion to reopen for abuse of discretion." *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005). But our review of the exercise of sua sponte power is limited only to legal or constitutional error. *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

As we have recently confirmed, changes in the law can serve as a basis for equitable tolling. *Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020). Because the BIA decided to the contrary, it legally erred. Even though certain changes in the law can serve as a basis for equitable tolling, a petitioner must still establish that he was prevented from filing because of a "deception, fraud, or error" and that he acted with due diligence to discover such a defect. *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). Although the BIA does not specifically discuss Le's due diligence, it cites with approval the IJ's opinion, including the IJ's discussion of

3

equitable tolling, in which the IJ analyzed Le's diligence. The IJ noted, for example, that Le "does not state when he first learned about *Lopez* and *Rendon,* and does not list what efforts he undertook to rectify the issues he now raises with respect to his removal proceeding. Thus, the Court is not persuaded that Respondent acted diligently . . . ." The IJ also expressly found that Le did not show "that he exercised due diligence during the years between the changes in law and when he filed his Motion."

Reasonable minds could perhaps differ as to whether the BIA's opinion sufficiently indicates that the BIA adopted the IJ's due diligence findings so as to require us to deny the Petition on this ground. However, given that the BIA committed legal error, that it never used the words "due diligence," that it did not explicitly state that it was adopting the IJ's reasoning, and that it did not cite to *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), we find that the BIA did not adopt the IJ's due diligence findings, and thus we may not review those findings. *Cf. Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc) (reviewing an IJ decision where the BIA cited *Burbano* and did not express disagreement with the IJ); *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014) (reviewing the IJ's decision to the extent incorporated by the BIA). Thus, we remand to the BIA for it to determine whether Le is entitled to equitable tolling of the deadline

for filing a motion to reopen in light of *Lona*, including whether he demonstrated that he acted with the requisite due diligence.

Le argues that the BIA erred in declining to exercise its sua sponte authority by improperly finding that there was no fundamental change in the law and failing to follow "its own precedent." Le does not raise a legal or constitutional issue for us to review. The term "fundamental change" is not a "legal premise" but an "expression of discretion" against which we have no applicable standard to review. *Lona*, 958 F.3d at 1235 (quoting *Barajas-Salinas v. Holder*, 760 F.3d 905, 908 (8th Cir. 2014)). And our review of the BIA's sua sponte authority "does not encompass alleged inconsistencies between the BIA's grants or denials of discretionary relief." *Id.* at 1238.

Le's argument that the BIA should have exercised its sua sponte authority to reopen based on humanitarian asylum also fails as he admits that he did not raise such a claim before the BIA, and, considering the BIA's unfettered discretion in exercising its sua sponte authority, Le identifies no legal or constitutional requirement that the BIA recognize and raise the issue of humanitarian asylum on its own.

Finally, the BIA did not abuse its discretion in finding that Le failed to show that his 2000 immigration proceeding was fundamentally unfair. The record does not demonstrate that Le was then mentally incompetent or that he had any mental

illness that resulted in his inability to meaningfully participate in his removal proceedings. *See Matter of M-A-M-*, 25 I. & N. Dec. 474, 480 (BIA 2011).

**The petition for review is GRANTED in part; DENIED in part; REMANDED.**[1]

---

[1] Each party shall bear its own costs.