**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-3052 & 21-2805
_____

VICTOR VIKTOROVICH SHNEGELBERGER,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-297-628)
Immigration Judge: Kuyomars Golparvar
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 21, 2022

Before: MCKEE, SHWARTZ and MATEY, <u>Circuit</u> <u>Judges</u>

(Filed: July 29, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

With the two consolidated petitions for review before us Victor Shnegelberger challenges agency immigration decisions denying his motion to reopen removal proceedings and denying his motion for reconsideration of the adverse reopening ruling. For the reasons expressed below, we lack jurisdiction to consider, and will thus dismiss, all of the first petition and some of the second. What remains of the latter will be denied.

I.

Shnegelberger is a citizen of Tajikistan who entered the United States on a so-called 'tourist visa' and became a lawful permanent resident. Thereafter, a Pennsylvania conviction for drug possession put Shnegelberger's status in the United States in jeopardy: The Government charged him as removable under 8 U.S.C. § 1227(a)(2)(B)(i) (providing that non-citizens convicted of almost all offenses "relating to a controlled substance" are "deportable"). Through counsel, Shnegelberger conceded the charge.

The IJ denied Shnegelberger's applications for relief; the Board of Immigration Appeals (BIA) affirmed; and on review we declined to disturb the agency's final order of removal. See Shnegelberger v. Att'y Gen., 742 F. App'x 685, 690 (3d Cir. 2018). Afterward, the BIA denied Shnegelberger's motion to reopen. A subsequently filed petition for review was dismissed for lack of prosecution.

By then, Shnegelberger had already filed with the BIA a second motion to reopen. In it, Shnegelberger argued that he was no longer removable based on Hillocks v. Attorney General, 934 F.3d 332 (3d Cir. 2019), in which we acknowledged the directive from Mellouli v. Lynch, 575 U.S. 798 (2015), that the categorical approach be used to

2

answer "the question of whether a particular state offense relates to a controlled substance" for purposes of § 1227(a)(2)(B)(i). Hillocks, 934 F.3d at 345. Prior to Mellouli, this Court examined the relevant "conviction documents to determine whether a federally controlled substance was involved 'in the same way as the existence of the conviction itself is normally established.'" Id. (quoting Rojas v. Att'y Gen., 728 F.3d 203, 216 (3d Cir. 2013) (en banc)). Mellouli, we explained in Hillocks, "abrogated Rojas's test." Id.

The BIA denied the second motion to reopen. It determined that the motion was time- and number-barred.[1] The BIA recognized that it could, under agency precedent, exercise its discretion to reopen proceedings sua sponte based on a fundamental shift in the law. But it declined to do so after determining that Hillocks did not have the requisite significance. Shnegelberger filed a pro se petition for review, which was docketed at C.A. No. 20-3052. The Government responded to the petition with a motion to dismiss it for lack of jurisdiction. A ruling on the Government's motion was deferred until today.

Meanwhile, Shnegelberger asked the BIA to reconsider its decision denying his second motion to reopen, arguing that the agency failed to appreciate the significance of Hillocks. Shnegelberger contended in the alternative that, if Mellouli had dictated his removability pre-Hillocks, then counsel before the IJ was ineffective in facilitating a concession to the removal charge (because, the argument went, Shnegelberger's drug

---

[1] See 8 U.S.C. § 1229a(c)(7)(A) (providing that in general "[a]n alien may file one motion to reopen proceedings"); 8 U.S.C. § 1229a(c)(7)(C)(i) (providing that in general a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal"); see also 8 C.F.R. § 1003.2(c)(2).

conviction did not satisfy § 1227(a)(2)(B)(i) under the categorical approach).

The BIA denied reconsideration, largely relying on the reasoning of its prior decision. The BIA also determined that, insofar as Shnegelberger's motion could be construed as one seeking reopening based on ineffective assistance of counsel, the motion was time- and number-barred and, further, did not present a viable basis for equitable tolling or sua sponte reopening. The BIA determined, in particular, that Shnegelberger was properly found removable, and that he thus failed to show that he was prejudiced by counsel's allegedly deficient performance.

Shnegelberger filed another pro se petition for review, which was docketed at 21-2805. His two petitions were consolidated for disposition.

## II.

We first consider our jurisdiction. Under 8 U.S.C. § 1252(a)(1), a court of appeals may exercise jurisdiction over final orders of removal, which category includes agency decisions denying reopening or reconsideration. See Kucana v. Holder, 558 U.S. 233, 242 (2010); Vakker v. Att'y Gen., 519 F.3d 143, 147 (3d Cir. 2008). Two limitations on that jurisdiction are implicated here.

The first limitation is statutory. Under § 1252(a)(2)(C), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in" § 1227(a)(2)(B), among other provisions. At the same time, § 1252(a)(2)(C) preserves "review of constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

The second limitation is doctrinal. When a non-citizen seeks review of a BIA decision declining to reopen removal proceedings sua sponte, we may exercise jurisdiction only when (1) the BIA relies on an incorrect legal premise in its analysis, or (2) the BIA has constrained itself through rule or "settled course of adjudication." Park v. Att'y Gen., 846 F.3d 645, 651-52 (3d Cir. 2017). Those two scenarios present exceptions to the rule that, "[b]ecause the BIA retains unfettered discretion to decline to *sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion." Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

### III.

As a preliminary matter, we have previously determined that any review of the removal order in Shnegelberger's case would be circumscribed by §§ 1252(a)(2)(C)-(D)—leaving only colorable constitutional claims or questions of law for consideration—as a result of his commission of an offense covered in § 1227(a)(2)(B)(i). See Shnegelberger, 742 F. App'x at 687-90. The colorability standard does not require that a petitioner's claim be meritorious. Instead, "[t]o determine whether a claim is colorable, we ask whether 'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010) (citation omitted).

In the briefing, Shnegelberger puts forth a colorable argument that the BIA misperceived the import of Hillocks in rejecting that case as a basis for reopening

5

removal proceedings sua sponte.[2] Relatedly, Shnegelberger puts forth colorable arguments that this Court may exercise jurisdiction to review the BIA's reopening decision under Park. For those reasons, we reject the Government's argument for dismissal under § 1252(a)(2)(C).

However, while the statutory limitation on jurisdiction does not bar our review in C.A. No. 20-3052, the doctrinal limitation does. In particular, we agree with the Government that the BIA did not apply a faulty legal premise. To recap the BIA's ruling: It assessed that Hillocks represents little more than an application of Mellouli—which was decided fifteen months before the notice to appear even issued in Shnegelberger's case—and that Hillocks thus does not qualify as a "fundamental" change in the pertinent legal landscape for purposes of reopening under In re G-D-, 22 I. & N. Dec. 1132, 1135 (BIA 1999) (en banc) (holding that in order for a change in the law to potentially qualify as the requisite "exceptional" situation that could merit sua sponte reopening, the change must be "fundamental" in nature and not merely "an incremental development in the state of the law"). The BIA was right. Mellouli required that the categorical approach apply throughout Shnegelberger's removal proceedings, even if it was not until Hillocks that this Court expressed Mellouli's full effect on prior jurisprudence, Rojas most prominently. After Mellouli, the Rojas test was no longer viable. So, whereas Mellouli

---

[2] Shnegelberger does not dispute that his second motion to reopen was time- and number-barred. That issue is thus forfeited. See In re: Asbestos Prods. Liab. Litig. (No. VI), 873 F.3d 232, 237 (3d Cir. 2017).

might qualify as a "fundamental" change in the law, <u>Hillocks</u> does not. Jurisdiction under the "incorrect legal premise" exception, <u>Park</u>, 846 F.3d at 651, is thus lacking.

We have also considered whether Shnegelberger's petition at C.A. No. 20-3052 implicates the "settled course" exception. <u>Id.</u> at 652-53. Again, <u>G-D-</u> held that sua sponte reopening may be appropriate when the BIA is presented with a "fundamental change in the law." 22 I. & N. Dec. at 1135; <u>see also</u> <u>Bonilla v. Lynch</u>, 840 F.3d 575, 585 (9th Cir. 2016).

We assume, for the sake of Shnegelberger's argument, that at the time of its decision denying the second motion to reopen the BIA had "meaningfully limited its discretion," <u>Park</u>, 846 F.3d at 656, such that it would consider whether to reopen proceedings sua sponte when a non-citizen had diligently discovered and presented a "fundamental change in the law" that, if applied, would be dispositive of the non-citizen's defense to removal.[3] If the BIA in this case were to have *exercised* its discretion

---

[3] <u>See, e.g.</u>, <u>In re Perez</u>, 2019 WL 3857793, at *1 (BIA May 17, 2019) (concluding that it was "appropriate to consider the motion [to reopen] sua sponte" under <u>G-D-</u>, because the motion relied on, and was promptly filed after, <u>Pereira v. Sessions</u>, 138 S. Ct. 2105 (2018)); <u>In re Gonzalez</u>, 2019 WL 3776125, at *1-2 (BIA May 14, 2019) (reopening sua sponte and terminating removal proceedings under <u>G-D-</u> because "in light of the intervening Supreme Court precedent [of <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018),] the respondent is not removable on the sole ground of removability charged in the Notice to Appear"); <u>In re Navarro</u>, 2019 WL 3776124, at *1 (BIA May 13, 2019) (same); <u>In re Savinon</u>, 2019 WL 3776118, at *1-2 (BIA May 3, 2019) (concluding that "the respondent has established exceptional circumstances based on a fundamental change in law" under <u>G-D-</u>, as he was no longer removable under intervening circuit precedent); <u>In re Escajeda-Hernandez</u>, 2019 WL 2613142, at *2 (BIA Mar. 25, 2019) (reopening under <u>G-D-</u> because, "[i]n the controlling jurisdiction, it appears that the respondent's 2001 burglary conviction . . . no longer qualifies as an aggravated felony" given developments in the case law).

under those circumstances, we could then review for abuse the action the BIA took pursuant to that discretion. Cf. id. at 653.[4]

But that is not how things unfolded here. Rather, the BIA *declined* to engage in any exercise of its sua sponte reopening discretion because Shnegelberger failed to satisfy a condition precedent to application of the G-D- framework: that the change in law be "fundamental." Accordingly, the second Park exception does not apply.

For those reasons, we grant the Government's motion to dismiss the petition for review at C.A. No. 20-3052.

## IV.

Up next is the petition for review at C.A. No. 21-2805, which concerns the BIA's denial of Shnegelberger's motion for reconsideration. Such a decision, like the BIA's denial a motion to reopen, is reviewed for abuse of discretion. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011).

At its core, Shnegelberger's argument for reconsideration has been that, up until Hillocks, Rojas governed the BIA's approach (in cases emanating from this Circuit's catchment) to assessing whether a non-citizen's criminal conviction "relat[es] to a controlled substance" under § 1227(a)(2)(B)(i). Shnegelberger is incorrect. Mellouli controlled at all times relevant. See Karns v. Shanahan, 879 F.3d 504, 514-15 (3d Cir.

---

[4] Notably, "the presence of an exceptional situation" under G-D- "does not compel [the BIA] to act; the BIA may still decide against reopening." Park, 846 F.3d at 650; cf. Lona v. Barr, 958 F.3d 1225, 1235 (9th Cir. 2020); Barajas-Salinas v. Holder, 760 F.3d 905, 908 (8th Cir. 2014).

2018) ("Our respect for the uniformity of decisions within this Court therefore must succumb when a prior holding of our Court—even an en banc decision—conflicts with a subsequent Supreme Court holding."); In re Assaad, 23 I. & N. Dec. 553, 560 n.9 (BIA 2003) ("Supreme Court law is paramount and the Board, along with every other judicial or quasi-judicial tribunal in this country, is mandated to follow it. Were we convinced of a conflict between the Supreme Court's pronouncements and circuit court precedents, we would follow Supreme Court law without question.").

Accordingly, the BIA did not abuse its discretion insofar as it denied reconsideration of its earlier ruling.

We now turn to the other piece of the BIA's decision. As noted earlier in this opinion, the BIA construed Shnegelberger's motion for reconsideration as seeking, in part, reopening to advance a claim of ineffective assistance of counsel. The BIA considered and rejected the position that Shnegelberger's ineffective-assistance claim provided either a basis for equitable tolling of the procedural limitations for motions to reopen, or instead a basis for sua sponte reopening.

Shnegelberger's ineffective-assistance claim fails because it is deficient at the prejudice prong, for substantially the reasons given by the BIA in its decision. Cf. Fadiga v. Att'y Gen., 488 F.3d 142, 159 (3d Cir. 2007) (explaining that "an alien claiming ineffective assistance of counsel in removal proceedings must, in addition to showing that his lawyer committed unprofessional errors, show that there was a 'reasonable likelihood that the result would have been different if the error[s] . . . had not occurred.'") (citation

9

omitted).[5] We thus conclude that the BIA did not abuse its discretion when it declined to equitably toll the procedural limits on motions to reopen. To that extent, and to the extent (described above) that the BIA did not abuse its discretion in denying reconsideration, the petition for review at C.A. No. 21-2805 will be denied.

As for the BIA's refusal to reopen sua sponte based on ineffective assistance of counsel, we lack jurisdiction to review that ruling because it is not tied to either a flawed legal premise or a settled course of adjudication. Cf. Park, 846 F.3d at 651-52. The petition for review at C.A. No. 21-2805 will thus be dismissed in part.

VI.

For the reasons given above: The Government's motion to dismiss Shnegelberger's petition for review at C.A. 20-3052 is granted and that petition will be dismissed; and Shnegelberger's petition for review at C.A. No. 21-2805 will be denied in part and dismissed in part.

---

[5] Shnegelberger does not dispute that, insofar as his motion for reconsideration sought reopening, the motion was time- and number-barred. While the time-bar may indeed be equitably tolled, see Mahmood v. Gonzales, 427 F.3d 248, 251 (3d Cir. 2005), "[w]e have not issued a precedential opinion deciding whether *numerical* limits on motions to reopen" are also amenable to such treatment, Luntungan v. Att'y Gen., 449 F.3d 551, 557 (3d Cir. 2006). We need not address that issue here because Shnegelberger has failed to present a viable basis for equitable tolling even assuming its availability.