NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| HUNG TRI TRAN, | No. 18-71813 |
| Petitioner, | Agency No. A071-434-977 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 9, 2024
Pasadena, California

Before: CALLAHAN, CHRISTEN, and BENNETT, Circuit Judges.
Concurrence by Judge CHRISTEN.

Hung Tri Tran, a native and citizen of Vietnam, petitions for review of the

Board of Immigration Appeals' ("BIA" or "Board") dismissal of his appeal from an

Immigration Judge's ("IJ") order denying Tran's *sua sponte* motion to reopen. We

presume the parties' familiarity with the facts and do not discuss them in detail here

except as needed to provide context. We have jurisdiction under 8 U.S.C. §

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1252(a)(2)(D), and we deny the petition.

Tran requested that the IJ *sua sponte* reopen and terminate his immigration proceedings claiming intervening case law—and specifically *United States v. Descamps*, 570 U.S. 254 (2013)—rendered him no longer removable under 8 U.S.C. § 1227(a)(2)(A)(ii). The IJ denied Tran's motion on four independent and alternative grounds: (1) "the interest in finality in immigration proceedings"; (2) "[c]hanges in the law subsequent to an order of removal do not invalidate [Tran's] prior order"; (3) the "immigration-related effect of *Descamps*" does not extend to 8 U.S.C. § 1227(a)(2)(A)(ii); and (4) *Descamps* was not a "fundamental" change in the law. Tran timely appealed to the Board, which subsequently dismissed his appeal "for the reasons articulated in the Immigration Judge's decision," agreeing with the IJ "that the facts presented in this case do not warrant sua sponte reopening of the proceedings."

"Where, as here, the Board incorporates the IJ's decision into its own without citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), this court will review the IJ's decision to the extent incorporated." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014); *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019).

The decision to *sua sponte* deny a motion to reopen "is within the discretion of the Board," and the Board may deny reopening "even if the party moving has made out a *prima facie* case for relief." 8 C.F.R. § 1003.2(a); *Lona v. Barr*, 958 F.3d

2                                                    18-71813

1225, 1234 (9th Cir. 2020) (describing this discretion as "unfettered"). Therefore, while the denial of a motion to reopen "is a final administrative decision subject to our judicial review," *Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014), "this court has jurisdiction . . . for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016); *see Lara-Garcia v. Garland*, 49 F.4th 1271, 1277 (9th Cir. 2022) ("The scope of our review under *Bonilla* is limited to those situations where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion or that exercising its discretion would be futile.") (citation omitted). "If, upon exercise of its jurisdiction, this court concludes that the Board relied on an incorrect legal premise, it should remand to the BIA so it may exercise its authority against the correct legal background." *Bonilla*, 840 F.3d at 588.

1. As an initial matter, we deny Tran's petition because the IJ and Board (collectively, "agency") denied Tran's motion "as a matter of discretion." *Lara-Garcia*, 49 F.4th at 1277 (citation omitted). The IJ explained that Tran "knowingly and intelligently waived his right to appeal" the 1994 deportation order and "never appealed" the denial of his first motion to reopen. In view of this, the IJ found "the interest in finality in immigration proceedings takes precedence in this case, and it is not one in which the Court should exercise its *sua sponte* authority to reopen

3                                          18-71813

proceedings." By way of further example, in dismissing Tran's appeal, the Board cited both *Matter of G-D-*, 22 I. & N. Dec. 1132 (BIA 1999) and *Matter of J-J-*, 21 I. & N. Dec. 976 (BIA 1997), which establish that the agency should only *sua sponte* reopen a case in "exceptional situations." *Matter of J-J-*, 21 I. & N. Dec. at 984. In sum, the agency's decision "evinces no misunderstanding about its unfettered discretion under 8 C.F.R. § 1003.2(a)." *Lona*, 958 F.3d at 1234. Tran's petition is denied for this reason alone.

2.    Even if the Board did not incorporate the IJ's finding regarding "the interest in finality in immigration proceedings," the Board still held that "the facts presented in this case do not warrant sua sponte reopening in proceedings," and that *Descamps* was not a "fundamental" change in law. The Board's determination that *Descamps* was not a "fundamental" change in law is an "expression of discretion" against which we have no applicable standard to review. *Lona*, 958 F.3d at 1235 (quoting *Barajas-Salinas v. Holder*, 760 F.3d 905, 908 (8th Cir. 2014)). Whether a change in law is "fundamental" (or not) is not a "legal premise" for which this court has jurisdiction to review, *Bonilla*, 853 F.3d at 585, and is part and parcel of its "unfettered" discretion. *Lona*, 958 F.3d at 1234. Moreover, the Board is never required to reopen proceedings, even if there was a "fundamental" change in the law. *Lona*, 958 F.3d at 1235-36.

**PETITION DENIED**.

18-71813

FILED

MAR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTEN, Circuit Judge, concurring:

I concur in the panel's result and with its reasoning through numbered paragraph 1, but do not join the analysis set forth in numbered paragraph 2.

18-71813