**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

SALOMON ALMAZO-GARCIA,

Petitioner,

v.

PAMELA J. BONDI, Attorney General,

Respondent.

No. 23-2884

Agency No.
A205-062-943

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2025[**]
Pasadena, California

Before: GRABER, HAMILTON[***], and BUMATAY, Circuit Judges.

Salomon Almazo-Garcia, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his request to reopen

and terminate immigration proceedings and stay removal. We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition.

1. Petitioner challenges the Board's decision not to reopen his deportation proceedings *sua sponte*. We review denial of *sua sponte* reopening only to the extent that the Board relied on an incorrect legal or constitutional premise in deciding whether "exceptional circumstances" warrant reopening. *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). "[O]ur review under *Bonilla* is constricted to legal or constitutional error that is apparent on the face of the BIA's decision and does not extend to speculating whether the BIA *might* have misunderstood some aspect of its discretion." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020).

Petitioner argues that three cases—*Pereira v. Sessions*, 585 U.S. 198 (2018), *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), and *Singh v. Garland*, 24 F.4th 1315 (9th Cir. 2022), *vacated and remanded by Campos-Chavez v. Garland*, 602 U.S. 447, 465 (2024)—constitute fundamental changes in the law warranting *sua sponte* reopening. The BIA committed no legal error in declining to reopen *sua sponte*. Whether the BIA recognizes a "fundamental change in the law" is "an expression of discretion," not a "legal premise." *Lona*, 958 F.3d at 1235 (quoting *Barajas-Salinas v. Holder*, 760 F.3d 905, 908 (8th Cir. 2014)). Indeed, even if there were a fundamental change in the law, "it does not follow that the BIA committed legal or constitutional error in denying . . . relief. The Board is not required . . . to reopen proceedings *sua sponte* in exceptional situations, even those involving a

2

fundamental change in the law." *Id.* at 1234–35 (simplified).

In short, we lack jurisdiction to review the Board's decision because the BIA declined to exercise its *sua sponte* power to reopen Petitioner's removal proceedings as a matter of discretion.

2. Petitioner's due process claim is likewise unavailing. To establish a due process violation, a petitioner must demonstrate error and substantial prejudice—that the outcome of the proceeding may have been affected by the alleged violation. *See Kumar v. Gonzales*, 439 F.3d 520, 523–24 (9th Cir. 2006) (stating standard); *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1048 (9th Cir. 2023) (same). Petitioner argues that the BIA's entry of a removal order based on a noncompliant notice to appear is *per se* prejudicial. But the noncompliant notice did not in any way impede Petitioner from contesting removability or from seeking relief from removal or voluntary departure. He conceded that he was removable, participated in all his scheduled hearings, and sought voluntary departure. Petitioner was thus not prejudiced.

3. We decline to consider Petitioner's equitable-tolling argument because he did not raise it before the BIA and thus failed to exhaust it. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (declining to consider an issue because the petitioner did not raise the issue before the BIA and therefore "failed to exhaust" it).

23-2884

**PETITION DISMISSED in part and DENIED in part.[1]**

---

[1] The temporary stay of removal will remain in place until the mandate issues, and the motion to stay removal, Dkt. No. 3, is otherwise denied as moot.