NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VALERIYA GEORGIEVA NEDEVA-ALANIZ,

Petitioner,

v.

PAMELA BONDI*, Attorney General,

Respondent.

No. 19-71897

Agency No. A089-347-529

ORDER

Before: COLLINS, VANDYKE and MENDOZA, Circuit Judges.

The memorandum disposition filed on January 2, 2025, is hereby amended. The memorandum disposition will be filed concurrently with this order.

The panel has unanimously voted to deny the petition for panel rehearing and rehearing en banc. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 40. Petitioner's petition for panel rehearing and rehearing en banc (Dkt. No. 46) is thus **DENIED**. No further petitions for rehearing shall be filed.

---

* We have substituted Attorney General Pamela Bondi as Respondent pursuant to Federal Rule of Appellate Procedure 43(c).

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VALERIYA GEORGIEVA NEDEVA-ALANIZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General

Respondent.

No. 19-71897

Agency No. A089-347-529

AMENDED MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024[**]
San Francisco, California

Before: COLLINS, VANDYKE and MENDOZA, Circuit Judges.

Valeriya Georgieva Nedeva-Alaniz, a citizen of Bulgaria, petitions for

review of a decision by the Board of Immigration Appeals ("BIA" or the "Board")

denying her motion to reopen. Petitioner requests that the Court remand the case

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to the BIA to clarify its decision not to exercise *sua sponte* authority to reopen Petitioner's removal proceedings. We dismiss the petition for lack of jurisdiction.

For a person to obtain *sua sponte* relief under 8 C.F.R. § 1003.2(a), "the Board must be persuaded that the respondent's situation is truly exceptional." *Bonilla v. Lynch*, 840 F.3d 575, 585 (9th Cir. 2016) (internal quotation marks and citation omitted). We may review BIA "decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Id.* at 588. "If, upon exercise of its jurisdiction, this court concludes that the Board relied on an incorrect legal premise, it should remand to the BIA so it may exercise its authority against the correct legal background." *Id.* (internal quotation marks and citation omitted).

1. As an initial matter, Respondent argues that Petitioner has waived her argument that *Pereira v. Sessions*, 585 U.S. 198 (2018), resulted in a fundamental change of law. Petitioner acknowledges that certain arguments—namely, her arguments related to deficiencies in the notice to appear ("NTA") and its impact on the *in absentia* removal order—are now foreclosed. Despite this acknowledgment, Petitioner separately argues that she is eligible to seek cancellation of removal because, under *Pereira*, the NTA did not trigger the stop-time rule. Petitioner has not waived that argument.

2

2.      Petitioner contends that the case should be remanded because it is unclear whether the BIA exercised its discretion in denying the motion to reopen the proceedings or whether it concluded that Petitioner failed to establish prima facie eligibility for cancellation of removal.  If the BIA's decision was an exercise of discretion, the Court lacks jurisdiction to review.  *Bonilla*, 840 F.3d at 585–86.  While the BIA's decision regarding its *sua sponte* authority is sparse, the BIA concluded that it did not find "sua sponte reconsideration is warranted based on a fundamental change of law in these circumstances."  Because the BIA's "recognition of a 'fundamental change in the law' *in a particular case* is simply a means of describing when the Board has decided that a certain intervening development constitutes an 'exceptional situation' *warranting an exercise of its discretion* to reopen," *Lona v. Barr*, 958 F.3d 1225, 1235 (9th Cir. 2020) (emphasis added) (quoting *Barajas-Salinas v. Holder*, 760 F.3d 905, 908 (8th Cir. 2014)), the BIA's determination here that sua sponte reconsideration was not "warranted based on a fundamental change of law *in these circumstances*" (emphasis added), is "an expression of discretion," not a "legal premise."  Accordingly, even if there was a fundamental change in the law, "it does not follow that the BIA committed legal or constitutional error in denying [Petitioner] relief."  *Id.* at 1234.  "[T]he Board is not *required . . .* to reopen proceedings *sua sponte* in exceptional situations."  *Id.* at 1234–35 (quoting *Bonilla*, 840 F.3d at 585).  Because the BIA decided, in its

3

discretion, not to exercise *sua sponte* authority to reopen Petitioner's removal

proceedings, we do not have jurisdiction to review the BIA's decision.

The petition for review is **DISMISSED.**