FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| VARINDER SINGH, *Petitioner*, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, *Respondent*. | No. 20-70050 <br><br> Agency No. A209-393-493 <br><br><br> OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 17, 2021
San Francisco, California

Filed February 4, 2022

Before:  M. Margaret McKeown and Ronald M. Gould,
Circuit Judges, and Donald W. Molloy,* District Judge.

Opinion by Judge Gould

---

*The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

**SUMMARY**[**]

**Immigration**

Granting Varinder Singh's petition for review of a decision of the Board of Immigration Appeals, and remanding, the panel held that noncitizens must receive a Notice to Appear in a single document specifying the time and date of the noncitizen's removal proceedings, otherwise any *in absentia* removal order directed at the noncitizen is subject to rescission pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii).

Under § 1229a(b)(5)(C)(ii), an *in absentia* notice may be rescinded through a motion to reopen filed at any time if the noncitizen can show that they "did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)." Section 1229(a), entitled, "Notice to Appear," delineates the requirements that apply to such notice. Paragraph (1) defines the "notice to appear" and requires it specify certain information, including the "time and place at which the proceedings will be held." Paragraph (2), entitled "Notice of change in time or place of proceedings," explains what information must be provided if the government changes the time or place of the removal proceedings.

In seeking rescission of his *in absentia* removal order, Singh relied on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), in which the Supreme Court held that a Notice to Appear that does not specify the time and date of removal proceedings does not trigger the "stop-time rule" for purposes of

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

cancellation of removal. Singh contended that he did not receive the statutorily required notice under § 1229(a) because his Notice to Appear did not provide the date and time of his hearing. In affirming the denial of his motion to reopen, the BIA relied on *Matter of Pena-Mejia*, 27 I. & N. Dec. 546 (BIA 2019), in which the BIA had limited *Pereira* to the stop-time rule context and held that rescission of an *in absentia* removal order is not required where the government provides the time and date of the hearing in a subsequent hearing notice, even if it is not provided in the Notice to Appear.

The panel disagreed that the omission of the time or date of a removal hearing could be cured by a subsequent hearing notice, concluding that this interpretation contravenes the unambiguous statutory text and the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). In *Niz-Chavez*, the Supreme Court rejected this two-step practice, interpreting § 1229(a) to require a "single statutorily compliant document" to trigger the stop-time rule and concluding that a subsequent hearing notice could not cure a defective Notice to Appear. The panel explained that the reasoning in *Niz-Chavez* made clear that the government must provide all statutorily required information in a single Notice to Appear, not only to trigger the stop-time rule, but for all removal proceedings that require notice pursuant to § 1229(a). Therefore, the panel joined the Fifth Circuit in holding that the Supreme Court's separate interpretation of the § 1229(a) notice requirements in *Niz-Chavez* applies in the *in absentia* context. The panel also explained that its view was supported by the fact that the statutory provisions governing *in absentia* removal orders explicitly incorporate § 1229(a) by reference, just like the statutory provision governing the stop-time rule.

The government contended that because § 1229a(b)(5)(A) is written in the disjunctive and allows for *in absentia* removal if a noncitizen received notice in accordance with paragraph (1) "or" (2) of § 1229(a), the government should be permitted to follow the two-step notice process in this context. The panel noted that the BIA had recently adopted that argument in *Matter of Laparra*, 28 I. & N. Dec. 425 (BIA 2022). Looking to the plain text, the statutory structure, and common sense, the panel concluded that the "or" in the *in absentia* provisions accounts for situations in which the government needs to change or postpone a noncitizen's removal hearing; it does not provide a textual backdoor to circumvent the written-notice requirements enumerated in paragraph (1).

Because the government did not provide Singh with statutorily compliant notice before his removal hearing, the panel concluded that Singh's *in absentia* removal order is subject to recission pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii). The panel noted that it did not reach Singh's argument that his order should be rescinded due to exceptional circumstances.

## COUNSEL

Saad Ahmad (argued), Saad Ahmad & Associates, Fremont, California, for Petitioner.

William C. Minick (argued), Attorney; Linda S. Wernery, Assistant Director; United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.; for Respondent.

**OPINION**

GOULD, Circuit Judge:

This appeal requires us to decide what notice must be given to noncitizens before the government can order them removed *in absentia*.

The Immigration & Nationality Act provides for two ways in which an *in absentia* removal order can be rescinded. The first is through a motion to reopen filed within 180 days after the date of the order of removal if the noncitizen can show that their failure to appear was due to "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). The second is through a motion to reopen "filed at any time" if the noncitizen can show that they "did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title." § 1229a(b)(5)(C)(ii).

Petitioner Varinder Singh seeks rescission of his removal order, entered *in absentia*, under both ways to gain this relief. First, he contends that he did not receive proper notice under § 1229(a) pursuant to *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Second, he argues that "exceptional circumstances" were present in his case.[1] The Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's denial of his motion to reopen and rejected both of his arguments. Because the decisions of the Immigration Judge and BIA rested on a legally erroneous interpretation of § 1229(a), we grant relief based on Singh's first argument.

---

[1] Singh's motion to reopen was filed within the 180-day window required by 8 U.S.C. § 1229a(b)(5)(C)(i).

## BACKGROUND

Singh is a native and citizen of India who entered the United States without inspection in 2016. The Department of Homeland Security ("DHS") began removal proceedings against him and served him with a Notice to Appear. The Notice to Appear did not provide a date or time for Singh's removal hearing, instead stating that the date and time were "TBD."

DHS released Singh after he posted a bond that was paid for by a family friend. Singh then traveled to Indiana to live at one of the family friend's homes but provided the immigration court with the address of one of the friend's other residences because it was the more reliable mailing address. Unfortunately for Singh, the immigration court sent multiple hearing notices to the address, but his friend did not forward them to Singh until 2019. After Singh did not appear at his December 2018 removal hearing, an Immigration Judge ordered him removed *in absentia*. Once Singh learned of the hearing notices and *in absentia* removal order, he filed a motion to reopen and rescind the order.

Singh first argued that the *in absentia* order was invalid because the Notice to Appear that he received lacked time and date information. Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Singh contended that he did not receive the statutorily required notice under § 1229(a) because the Notice to Appear that he received did not provide the date and time of his removal hearing. Second, Singh argued in the alternative that even if he received proper notice, the *in absentia* order should be rescinded because "exceptional circumstances" were present in his case.

The Immigration Judge denied the motion, reasoning that any defect in Singh's initial Notice to Appear due to the

absence of time-and-date information was cured by the subsequent hearing notices. As to Singh's notice argument, the Immigration Judge concluded that *Pereira* was limited to the "narrow question" of whether a document labeled "Notice to Appear" that fails to specify the time or date of the removal proceedings nonetheless triggers the stop-time rule, which relates to a petitioner's eligibility for cancellation of removal. Further, the Immigration Judge emphasized that though the Notice to Appear did not provide the date and time of Singh's hearing, any alleged error was essentially harmless because the government subsequently sent hearing notices to Singh's address that included this information. As to Singh's "exceptional circumstances" argument, the Immigration Judge concluded that "exceptional circumstances" must be beyond a noncitizen's control, and here, a failure in the innerworkings of his family friend's household did not meet that requirement.

After the Immigration Judge's decision, but before the BIA affirmed it, the BIA decided *Matter of Pena-Mejia*, 27 I. & N. Dec. 546 (BIA 2019), in which it limited *Pereira* to the stop-time rule context and held that rescission of an *in absentia* removal order is not required where the government provides the time and date of the hearing in a subsequent hearing notice, even if it is not provided in the initial Notice to Appear. Relying on this precedent, the BIA affirmed the Immigration Judge's denial of Singh's motion to reopen. The BIA also affirmed the Immigration Judge's conclusion rejecting the "exceptional circumstances" ground for reopening. Singh timely petitioned this court for review.

We have jurisdiction to review his petition under 8 U.S.C. § 1252(a)(1). We review the BIA's denial of Singh's motion to reopen for an abuse of discretion but review purely legal questions *de novo*. *Bonilla v. Lynch*, 840

F.3d 575, 581 (9th Cir. 2016).  We grant Singh's petition and hold that noncitizens must receive a Notice to Appear in a single document specifying the time and date of the noncitizen's removal proceedings, otherwise any *in absentia* removal order directed at the noncitizen is subject to rescission pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii). Because we hold that Singh received defective notice under § 1229(a), we do not reach the issue whether "exceptional circumstances" were present in Singh's case.

## DISCUSSION

An *in absentia* removal order can be rescinded if a noncitizen "did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)."   8 U.S.C. § 1229a(b)(5)(c)(ii).  Section 1229(a), in turn, is aptly named "Notice to Appear" and delineates the requirements that apply to such notice.  *Id.* § 1229(a).  Paragraph (1) defines the "notice to appear" and requires the government to specify seven enumerated categories of information including the "time and place at which the proceedings will be held" in that Notice to Appear.  *Id.* § 1229(a)(1).

Paragraph (2) of section 1229(a), by contrast, explains what information must be provided if the government changes the time or place of the removal proceedings. Entitled "Notice of change in time or place of proceedings," this subsection expressly states that "in the case of any change or postponement in the time and place of such proceedings . . . a written notice shall be given in person to the alien . . . specifying [] the new time or place of the proceedings" and describes the consequences of failing to appear.  *Id.* § 1229(a)(2)(A).  These notices of change in time or place of proceedings are commonly referred to as "hearing notices."

The government contends, and the BIA accepted, that although Singh received a Notice to Appear that failed to state the time or date of his removal hearing, this omission was cured by the subsequent hearing notices sent to him pursuant to paragraph (2) of § 1229(a) notifying him of changes in time or place of his proceedings. We disagree because this interpretation of § 1229a(b)(5)(C)(ii) contravenes the unambiguous statutory text and the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021).

## I.

Section 1229(a)'s notice requirements have generated significant controversy in recent years. In *Pereira v. Sessions*, the Supreme Court considered whether a Notice to Appear that does not specify the time and date of removal proceedings nevertheless triggers the "stop-time rule" ending a noncitizen's continuous presence for purposes of cancellation of removal. 138 S. Ct. at 2113. The Court determined that it "need not resort to *Chevron* deference" because the text of § 1229(a) is unambiguous, and a Notice to Appear that does not specify a time or place for the removal hearing "is not a 'notice to appear under section 1229(a)'" and as a result does not trigger the stop-time rule. *Id.* at 2113, 2114.

After *Pereira*, the government "could have responded . . . by issuing notices to appear with all the information § 1229(a)(1) requires," but instead it relied on a two-step practice—familiar to Singh—whereby it would serve a Notice to Appear with the time and date of the removal hearing "to be determined" and then subsequently send hearing notices with this information. *Niz-Chavez*, 141 S. Ct at 1479. The Court rejected this two-step practice in *Niz-Chavez*, interpreting § 1229(a) to require a "single statutorily

compliant document" to trigger the stop-time rule and concluding that a subsequent hearing notice could not cure a defective Notice to Appear. *Id.* at 1481.

Nevertheless, the government in this case asks us to approve the same two-step notice process for *in absentia* removal orders that the Supreme Court rejected in the stop-time-rule context in *Niz-Chavez*. Even if the BIA's interpretation of the notice required for *in absentia* removal orders was reasonable in 2019 after *Pereira*, it does not survive *Niz-Chavez*.

In *Matter of Pena-Mejia*, the BIA cabined the reach of *Pereira*, holding that the Supreme Court's interpretation of §1229(a) notice in *Pereira* was limited to the specific language in the stop-time rule. 27 I. & N. Dec. at 547. But in *Niz-Chavez*, the Supreme Court conducted a statutory analysis of § 1229(a) separate from its analysis of the stop-time rule. *See Niz-Chavez*, 141 S. Ct. at 1480–82. The Supreme Court began by analyzing the stop-time rule's language in §1229b of the statute, but it then independently analyzed the text of § 1229(a) and rejected the government's two-step approach to providing notice because that approach was inconsistent with the "singular article 'a'" in § 1229(a)(1). *Id.* at 1480. This reasoning demonstrates that the Supreme Court's interpretation of § 1229(a)'s notice requirements in *Niz-Chavez* extends beyond the context of the stop-time rule.

Beyond performing a separate statutory analysis of § 1229(a), the Supreme Court in *Niz-Chavez* also expressly interpreted the statutory provisions governing *in absentia* orders. Specifically, the Court explained that § 1229a(b)(7), which limits the discretionary relief available to certain noncitizens who receive *in absentia* orders, uses the singular article "the" before the word "notice." *Id.* at 1483. This use

of a definite article with a singular noun indicated to the Court that the statute speaks of a Notice to Appear as a "discrete" document offered at a single point in time rather than an "ongoing endeavor." *Id.* This specific analysis of a statutory provision governing *in absentia* removal orders forecloses the government's argument that the Court's interpretations of notice in *Pereira* and *Niz-Chavez* should be limited to the stop-time rule context. *Niz-Chavez* made clear that the government must provide all statutorily required information in a single Notice to Appear, not only to trigger the stop-time rule, but for all removal proceedings that require notice pursuant to § 1229(a). We therefore join the Fifth Circuit in holding that the Supreme Court's "separate interpretation of the § 1229(a) notice requirements in *Niz-Chavez* [] applies in the in absentia context" in addition to the stop-time-rule context. *Rodriguez v. Garland*, 15 F.4th 351, 355 (5th Cir. 2021).

Lending additional support to our view is the fact that the statutory provisions governing *in absentia* removal orders explicitly incorporate § 1229(a) by reference, just like the statutory provision governing the stop-time rule. *See Pereira*, 138 S. Ct. at 2114. Before an *in absentia* order can be issued, § 1229a(b)(5)(A) requires "written notice required under paragraph (1) or (2) of section 1229(a)" to be provided. Then, after an *in absentia* order has been issued, a noncitizen can seek rescission at any time if they "did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)." 8 U.S.C. § 1229a(b)(5)(C)(ii). Section 1229a references § 1229(a) notice a third time when it limits discretionary relief for noncitizens who fail to appear at their proceedings when they received oral notice in addition to the "notice described in paragraph (1) or (2) of section 1229(a)." *Id.* § 1229a(b)(7). These three explicit references provide "the glue" binding "the substantive time-and-place

requirements mandated by § 1229(a)" to *in absentia* removal orders, just as they are bound to the stop-time rule. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019) (quoting *Pereira*, 138 S. Ct. at 2117).

## II.

The government reasons that because § 1229a(b)(5)(A) is written in the disjunctive and allows for *in absentia* removal if a noncitizen received notice in accordance with paragraph (1) "or" (2) of §1229(a), the government should be permitted to follow the two-step notice process in the *in absentia* removal context, even though the Supreme Court rejected that two-step notice process in the stop-time rule context. *See Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1486 (2021). The BIA recently adopted the government's argument in *Matter of Laparra*, 28 I. & N. Dec. 425 (BIA 2022). We are not persuaded by the government or the BIA that the word "or" in § 1229a(b)(5)(A) displaces the Supreme Court's interpretations of "Notice to Appear" in *Pereira* and *Niz-Chavez*. The plain text, the statutory structure, and common sense command otherwise.

First, by the plain text of paragraph (2) of § 1229(a) there can be no valid notice under paragraph (2) without valid notice under paragraph (1). Paragraph (2) is entitled "Notice of change in time or place of proceedings," and it requires that "in the case of any change or postponement in the time and place" of the removal proceedings, written notice must be provided to the noncitizen specifying the new time or place. 8 U.S.C. § 1229(a)(2)(A). This text presupposes—and common sense confirms—that the Notice to Appear provided in paragraph (1) must have included a date and time because otherwise, a "change" in the time or place is not possible. We are surprised that the government would argue

otherwise given that the Supreme Court already adopted this plain reading of paragraph (2) in *Pereira*:

> By allowing for a "change or postponement" of the proceedings to a "new time or place," paragraph (2) presumes that the Government has already served a "notice to appear under section 1229(a)" that specified a time and place as required by § 1229(a)(1)(G)(i). Otherwise, there would be no time or place to "change or postpon[e]." § 1229(a)(2) . . . . Paragraph (2) clearly reinforces the conclusion that "a notice to appear under section 1229(a)," § 1229b(d)(1), must include at least the time and place of the removal proceedings . . . .

138 S. Ct. at 2114.

Section 1229(a) also begins with unambiguous definitional language, explaining that "written notice" is "in this section referred to as a 'notice to appear.'" 8 U.S.C. § 1229(a)(1). Throughout § 1229(a), then, any reference to written notice is the "Notice to Appear" defined in paragraph (1) with its accompanying enumerated requirements. By definition, subsequent hearing notices under paragraph (2) are not, by themselves, "written notice" under § 1229(a) because they are not a "Notice to Appear" but rather a "Notice of change in time or place of proceedings." *Id.* § 1229(a)(2).

A look at the statutory structure of Section 1229(a) resolves any doubt. Paragraph (1), longer and more descriptive, defines the initial "Notice to Appear" and what it must include. *Id.* § 1229(a)(1). Paragraph (2), shorter in length, describes only what is required when there has been

a "Notice of change in time or place of proceedings." *Id.* § 1229(a)(2). Paragraph (2) requires the government to provide the noncitizen with the new time and date of the hearing and sets forth the consequences of not showing up; it does not repeat the long list of requirements for written notice contained in paragraph (1). The hearing notices that the government sent Singh under paragraph (2), then, are additions to, and not alternatives to, the Notice to Appear described in paragraph (1). Thus, the "or" in § 1229a(b)(5)(C)(ii) accounts for situations in which the government needs to change or postpone a noncitizen's removal hearing; it does not provide a textual backdoor to circumvent the written-notice requirements enumerated in paragraph (1).

## CONCLUSION

The Supreme Court's decisions in *Pereira* and *Niz-Chavez*, along with the text and structure of the statutory provisions governing *in absentia* removal orders and Notices to Appear, unambiguously required the government to provide Singh with a Notice to Appear as a single document that included all the information set forth in 8 U.S.C. § 1229(a)(1), including the time and date of the removal proceedings. Because the government did not provide Singh with statutorily compliant notice before his removal hearing, Singh's *in absentia* removal order is subject to recission pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii). We grant Singh's petition on that ground, do not reach his exceptional circumstances argument, and remand to the BIA for further proceedings consistent with this opinion.

**PETITION GRANTED** and **REMANDED.**