**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



YENNY MARICELA SANCHEZ MARTIN
DE DOMINGO, AKA Yenny Maricela
Sanchez Martinez de Domingo; ASTRID
LUDIANA DOMINGO SANCHEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 19-72782

Agency Nos. A209-008-324
A209-008-325

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2021
San Francisco, California

Before: NGUYEN and COLLINS, Circuit Judges, and RAKOFF,[**] District Judge.

Petitioners Yenny Maricela Sanchez Martin de Domingo ("Sanchez

Martin") and her minor daughter Astrid Ludiana Domingo Sanchez, citizens and

natives of Guatemala, petition for review of the order of the Board of Immigration

Appeals ("BIA") upholding the denial by the immigration judge ("IJ") of their

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

motion to reopen and to rescind their in absentia removal orders, which were issued after they failed to appear at their removal hearing. We have jurisdiction under § 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002), we deny the petition.

1. Petitioners contend that the BIA abused its discretion in concluding that they had failed to demonstrate that their "failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). The INA defines the requisite "exceptional circumstances" as "refer[ring] to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." *See id.* § 1229a(e)(1); *see also Singh-Bhathal v. INS*, 170 F.3d 943, 947 (9th Cir. 1999) (exceptional circumstances must include a "similarly severe impediment" as those enumerated in the statute). We conclude that the BIA did not abuse its discretion in determining that this standard was not met here.

Petitioners stated in their motion to reopen that Sanchez Martin had "mistaken the date[]" of her hearing, which led her to arrive at the immigration court two days late. The IJ concluded that, even taking into account Petitioners' pending applications for asylum, withholding of removal, and protection under the

2

Convention Against Torture, Petitioners had not established exceptional circumstances. Petitioners argue, as they did before the BIA, that the IJ failed to take account of the totality of the circumstances, including Sanchez Martin's illiteracy and language barriers, the fact that Petitioners promptly notified the immigration court after discovering their error, and Petitioners' pending applications for relief. But the IJ explicitly considered the pending applications, and it was not an abuse of discretion for the BIA to conclude that the totality of these factors did not amount to exceptional circumstances under the INA. *See Valencia-Fragoso v. INS*, 321 F.3d 1204, 1205–06 (9th Cir. 2003) (petitioner who was over four hours late due to a misunderstanding of the time of the hearing did not establish exceptional circumstances, especially where the only possible relief was a discretionary grant of voluntary departure); *cf. Singh*, 295 F.3d at 1038–39 (finding exceptional circumstances for mistakenly arriving two hours after the hearing in the "highly unusual case" where, among other things, the petitioner was certainly and concededly eligible for relief).

Petitioners also argue that the BIA should have remanded the matter to the IJ so that she could consider Petitioners' new allegation that Sanchez Martin detrimentally relied on an immigration court clerk's assistance in filing the motion to reopen. But the BIA did not abuse its discretion in declining to remand on this basis, given that this explanation does not address why Petitioners failed to appear

at their hearing in the first place.[1]

Petitioners also briefly assert that the BIA erred in declining to reopen their proceedings *sua sponte*. Although this was a discretionary decision by the BIA, we have "jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). For the reasons we have explained, we find no basis to conclude that the BIA "relied on an incorrect legal premise" in denying the motion to reopen, and we therefore reject Petitioners' argument that the BIA erred in denying their request for *sua sponte* reopening. *Id*.

2. In their appellate brief before the BIA, Petitioners moved to terminate removal proceedings on the ground that the IJ lacked jurisdiction given that the notices to appear that were issued to them did not provide the time or date of the removal hearing. The BIA rejected this contention, and Petitioners challenge that ruling in this court. However, this argument is foreclosed by our decision in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), in which we held that "a

---

[1] Petitioners also contend that their due process rights were violated inasmuch as they assertedly received "ineffective assistance" when their "*pro bono* attorney and Mam interpreter misinformed them of the hearing date," but no such ineffective-assistance claim was raised before the BIA. We therefore lack jurisdiction to consider this contention. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).

4

notice to appear that does not specify the time and place of an alien's initial removal hearing vests an [IJ] with jurisdiction over the removal proceedings . . . so long as a notice of hearing specifying this information is later sent to the alien." *Id*. at 1161 (citation omitted). In this case, Petitioners were served with incomplete notices to appear on June 8, 2016 but were thereafter served on October 1, 2016 with a notice of hearing that stated the date and time of their hearing. Thus, under *Karingithi*, jurisdiction properly vested in the immigration court.

3. Petitioners also argue that their in absentia removal orders were improper because Petitioners were not provided information about their hearing, and the consequences of failing to attend the hearing, in their native Mam language. An alien can be removed in absentia "after written notice required under paragraph (1) or (2)" of § 239(a) of the INA "has been provided to the alien or the alien's counsel of record." 8 U.S.C. § 1229a(b)(5)(A). Contrary to Petitioners' assertions, nothing in § 239(a) requires that written or oral notice be given in an alien's native language. *See id.* § 1229(a) (stating nothing about providing information in a foreign language); *see also* 8 C.F.R. § 1003.18 (same).[2] We therefore reject the argument that written or oral notice in the Mam language was required.

---

[2] Petitioners argue that the standard notice-to-appear form supports the proposition that oral notice in the alien's native language is required, because it contains text that allows the party serving the document to state whether the alien was provided oral notice in a particular language. But whether oral notice was provided in a

5

4. Shortly before oral argument in this case, the Supreme Court held in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), that, in order to trigger the so-called stop-time rule of the Illegal Immigration Reform and Immigrant Responsibility Act, aliens must be served with a "notice to appear" consisting of a single document that contains all the information that is specified in INA § 239(a)(1). Nothing in that decision warrants granting the petition for review here.

Petitioners argued before the BIA that their notices to appear were jurisdictionally defective, *see supra* at 4–5, and that they did not receive proper notice to trigger in absentia removal orders given that they were not served in their native language, *see supra* at 5. As explained above, we have rejected those contentions. Apart from these points, Petitioners did not adequately exhaust the further contention that the failure to provide a complete notice to appear in a single document under § 239(a) means that the necessary conditions for issuing an in absentia removal order under § 240(b)(5)(A) of the INA, *see* 8 U.S.C. § 1229a(b)(5)(A), were not met. Because the Petitioners did not adequately raise the argument before the BIA, we conclude that we lack jurisdiction to consider the potential effect of *Niz-Chavez* in this case. *See Martinez v. Barr*, 941 F.3d 907,

---

particular language is statutorily relevant only if the restrictions of § 240(b)(7) of the INA are at issue, and that is not the case here. *See* 8 U.S.C. § 1229a(b)(7) (providing that, if the alien against whom an in absentia removal order is entered was also provided oral notice, then the alien is also ineligible for certain forms of relief for 10 years).

922 (9th Cir. 2019). Our decision, therefore, is without prejudice to Sanchez

Martin raising that issue in a further motion to reopen before the BIA under INA

§ 240(b)(5)(C)(ii). *Cf. Singh v. Garland*, 24 F.4th 1315, 1320 (9th Cir. 2022).[3]

    The petition for review is **DENIED**.

---

[3] Accordingly, we deny as moot Respondent's motion to stay proceedings in this case pending issuance of the mandate in *Singh*.