[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12438

Non-Argument Calendar

_____

VICTORINO MENDOZA-ORTIZ,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
Agency No. A075-574-909

_____

_____

No. 22-10335

Non-Argument Calendar

_____

VICTORINO MENDOZA-ORTIZ,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals
Agency No. A075-574-909

_____

Before ROSENBAUM, JILL PRYOR, and ED CARNES, Circuit Judges.

PER CURIAM:

Victorina Mendoza-Ortiz did not appear at his removal hearing. The government presented clear and convincing evidence that he was removable, and an IJ ordered him removed *in absentia*. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). In two consolidated petitions, he seeks review of two orders of the Board of Immigration Appeals, the first of which affirmed the immigration judge's denial of Mendoza-Ortiz's third motion to reopen and rescind the IJ's *in absentia* order of removal, and the second of which denied reconsideration of its order affirming the IJ. Mendoza-Ortiz's challenge is based on the technicalities of notice.

He contends that he is entitled to rescission of his *in absentia* removal order because his initial notice to appear violated statutory requirements by failing to include information about the time and date of the removal hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii). He admits that he received actual notice of the time and place of his hearing in a later issued notice that included that information. But he argues that is not enough because the statute requires the inclusion of that information in the initial notice to appear.

## I.

Mendoza-Ortiz is a native and citizen of Guatemala who entered the United States without inspection on or about December 13, 1998. That same day, a Border Patrol Agent personally served Mendoza with a notice to appear (NTA) charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) for being a non-United States citizen present in the United States without being admitted or paroled. The NTA did not contain the date or time of his removal

hearing.  Instead it ordered Mendoza-Ortiz to appear before an IJ in El Paso, Texas at a date and time "[t]o [b]e [s]et" in the future and warned him of the consequences of failing to appear.

On January 27, 1999, the immigration court mailed Mendoza-Ortiz a notice of hearing, which stated that his hearing had been set for April 14, 1999, in Miami, Florida.  Mendoza-Ortiz did not appear at the hearing, and the IJ ordered him removed *in absentia* to Guatemala based on the government's presentation of clear and convincing evidence that he was removable as charged in the NTA.  *See id.* § 1229a(c)(3)(A).  The immigration court sent him a copy of the removal order the same day and informed him that the decision was final unless he filed a timely motion to reopen.

In 2012 Mendoza-Ortiz moved to reopen his proceedings, claiming that he had failed to appear his removal hearing because he was at the hospital awaiting the birth of his son.  The IJ denied Mendoza-Ortiz's motion to reopen.  The IJ noted that an alien removed *in absentia* may seek to reopen and rescind the order within 180 days if he shows that his failure to appear was due to exceptional circumstances or at any time if he shows that he did not receive notice under 8 U.S.C. § 1229(a)(1) or (a)(2).  Because Mendoza-Ortiz failed to file within the 180-day window for exceptional circumstances and had admitted he had notice of the hearing, the IJ denied him relief.

In July 2018 Mendoza-Ortiz filed a motion to reconsider, reopen, and terminate his *in absentia* removal order in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).  In *Pereira* the Supreme

Court held that an NTA must contain the time and place of the removal hearing to comply with § 1229(a)'s notice requirements and trigger the stop-time rule, which pauses the period of continuous presence for a noncitizen to be eligible for cancellation of removal. *Pereira*, 138 S. Ct. at 2118–19. Mendoza-Ortiz argued that because the time and place of his hearing were not included in his NTA, he was never served with a valid NTA, so the immigration court lacked jurisdiction over his case.[1] The IJ denied Mendoza-Ortiz's motion, finding that the NTA did not need to comply with § 1229(a)'s notice requirements to vest the immigration court with jurisdiction and that any defect in the NTA was cured by the later notice of hearing.

In November 2018 Mendoza-Ortiz filed his third motion to reopen and rescind his *in absentia* order of removal. He argued his removal order should be rescinded under 8 U.S.C. § 1229a(b)(5)(C)(ii), which permits an *in absentia* removal order to be rescinded at any time if the alien shows that he "did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)." Paragraph (1) of § 1229(a), in turn, requires an NTA to specify the "time and place" of the removal proceedings. 8 U.S.C. § 1229(a)(1)(G)(i). Mendoza-Ortiz argued that because his NTA did

---

[1] Mendoza-Ortiz also contended that his second motion to reopen should be considered timely filed under the doctrine of equitable tolling because he was diligently pursuing his case and *Pereira*'s change to the law was an extraordinary circumstance that prevented him from filing earlier.

not contain the date and time of his hearing, he did not receive notice "in accordance with" § 1229(a)(1).[2]

The IJ denied Mendoza-Ortiz's motion. He concluded that because Mendoza-Ortiz admitted he had actual notice of the time and place of the removal hearing, he "received sufficient notice" under § 1229(a). Mendoza-Ortiz appealed the IJ's denial to the BIA and reiterated his argument that to be valid, his NTA was required by statute to contain all of the information set forth in § 1229(a)(1), including the time and place of the removal hearing. He also argued that later receiving a notice of hearing that contained the required information could not satisfy the notice requirement under § 1229(a)(2) because that subsection applies only to *changes* to the time and place of proceedings, and the time and date of his hearing were never set, and therefore never rescheduled. The BIA dismissed Mendoza-Ortiz's appeal. It adopted and affirmed the IJ's decision, concluding that Mendoza-Ortiz's removal order should not be rescinded because of the NTA's purported deficiencies.

Mendoza-Ortiz petitioned this Court for review of the BIA's decision. One day later, he asked the BIA for reconsideration, arguing among other things that the BIA failed to meaningfully consider or rule on his arguments about rescission under § 1229a(b)(5)(C). The BIA denied his motion. The BIA agreed that it had not explicitly addressed his rescission argument but noted

---

[2] Mendoza-Ortiz made other alternative arguments, none of which he preserved for appeal.

that it had adopted and affirmed the IJ's decision. And that decision had concluded that because Mendoza-Ortiz conceded he received actual notice of his hearing, he could not meet the requirements for rescission of his *in absentia* removal order. Mendoza-Ortiz filed a second petition for review with this Court seeking review of the BIA's order denying his motion to reconsider. We consolidated those petitions.

## II.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Where the BIA agrees with the IJ's reasoning, we also review the IJ's decision to that extent. *Id.*

We review the denial of a motion to reopen an immigration proceeding and the denial of a motion for reconsideration for abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009); *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1252 (11th Cir. 2008). We review *de novo* the BIA's legal determinations and interpretations of law. *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1195 (11th Cir. 2006).

## III.

8 U.S.C. § 1229 governs the initiation of removal proceedings against an alien who has been charged as removable for being present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). An alien will be removed *in absentia*

if he fails to attend the removal hearing after being issued "written notice required under paragraph (1) or (2) of section 1229(a)," 8 U.S.C. § 1229a(b)(5)(A), and the government shows by "clear and convincing evidence" that the alien is deportable, *id.* § 1229a(c)(3)(A). But an *in absentia* removal order may be rescinded upon a motion to reopen: (i) filed within 180 days, "if the alien demonstrates that the failure to appear was because of exceptional circumstances"; or (ii) "filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title." *Id.* § 1229a(b)(5)(C)(i)-(ii).

Section 1229(a)(1) requires the alien to be issued a written NTA specifying, among other things, the time and place of his removal hearing and the consequences for failing to attend it. *Id.* § 1229(a)(1). This is "paragraph (1)" notice. *Dacostagomez-Aguilar v. U.S. Att'y Gen.*, 40 F.4th 1312, 1315 (11th Cir. 2022). If there is "any change or postponement in the time and place" of the removal proceedings, the alien must be issued written notice specifying the new time and place of the proceedings and the consequences for failure to appear. § 1229(a)(2). This is "paragraph (2)" notice. *Dragomirescu v. U.S. Att'y Gen.*, 44 F.4th 1351, 1354–55 (11th Cir. 2022).[3] The alien need not receive both types of notice

---

[3] In *Dragomirescu*, we stated that paragraph (2) notice is "commonly called a 'notice of hearing.'" *Id.* at 1354. Here, Mendoza-Ortiz received a deficient NTA and later received a "notice of hearing" that specified the time and place of his removal proceedings. Despite also being called a "notice of hearing,"

— only the type applicable to his situation. *Dacostagomez-Aguilar*, 40 F.4th at 1317. So if the time and place of his removal proceeding never change, all that is required is a statutorily compliant paragraph (1) notice. *Id.* But if the time and place do change, all that is required is a statutorily compliant paragraph (2) notice. *Id.*

The Supreme Court has recently clarified what is required for a notice to be "in accordance with paragraph (1)." First, in *Pereira v. Sessions*, the Supreme Court considered what notice was required to trigger the so-called stop-time rule for cancellation of removal. 138 S. Ct. at 2109–10; *see* 8 U.S.C. § 1229b(d)(1). It concluded that a putative NTA that does not specify the time and place of the removal proceedings "is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule." *Pereira*, 138 S. Ct. at 2110 (quoting § 1229b(d)(1)(A)).

---

the notice Mendoza-Ortiz received is not paragraph (2) notice because the time and date of his proceedings did not change. *See* 8 U.S.C. § 1229(a)(2) ("[I]n the case of any change or postponement in the time and place of such proceedings . . . written notice shall be given in person to the alien."). Mendoza's NTA did specify the place of his hearing — El Paso — which was later changed to Miami. But because the NTA included "no time . . . to 'change or postpone,'" Mendoza-Ortiz's later notice of hearing cannot satisfy paragraph (2). *See Pereira*, 138 S. Ct. at 2114 (quoting 8 U.S.C. § 1229(a)(2)). Even though Mendoza-Ortiz's NTA specified a hearing location that was later changed, his hearing was never "rescheduled" and so paragraph (2) didn't come into play. *See Dacostagomez-Aguilar*, 40 F.4th at 1318–19; *see also* § 1229(a)(2) ("[I]n the case of any change or postponement in the time *and* place of such proceedings . . . a written notice shall be given.") (emphasis added). As a result, Mendoza-Ortiz's "notice of hearing" cannot satisfy the § 1229(a) notice requirement as notice under paragraph (2).

Next, in *Niz-Chavez v. Garland*, the Supreme Court held that an NTA sufficient to trigger the stop-time rule must be a single document containing all the information required by 8 U.S.C. § 1229(a)(1). 141 S. Ct. 1474, 1485–86 (2021). It rejected the government's position that it could trigger the stop-time rule by serving a deficient NTA, which lacked the time and place of the hearing, and then "complete" the NTA with a later notice of hearing that supplied the missing information. *Id.* at 1479–82.

After *Pereira* and *Niz-Chavez*, we determined that "[t]he notice required to render an *in absentia* removal order lawful is the notice for the particular hearing that was missed," and therefore to rescind such an order, "a movant must show that he failed to receive the notice for the hearing at which he was ordered removed." *Dacostagomez-Aguilar*, 40 F.4th at 1314. We concluded that the word "or" in § 1229a(b)(5)(C)(ii) should be given its usual disjunctive meaning and so the requirement of notice under paragraphs (1) or (2) provided alternatives, stating that "the government must show that one notice or the other was provided — not both — to support an *in absentia* removal order." *Id.* at 1316–17; *see also* 8 U.S.C. § 1229a(b)(5)(C)(ii) (describing an alien's burden to show that he "did not receive notice in accordance with paragraph (1) *or* (2) of section 1229(a)" in order to establish that the removal order should be rescinded) (emphasis added). We further explained that the two types of notices covered different situations, as the notice required under paragraph (1) informed the alien of the initial proceedings while the notice required under paragraph (2) informed

the alien of the time and place of the removal proceedings only if the hearing was rescheduled.[4] *Id.* We explained:

> Which kind of notice is required — notice under paragraph (1) or paragraph (2) — is thus tied to the nature of the hearing. For the original hearing, the government must provide a paragraph (1) notice to appear. But for any rescheduled hearing or additional hearing to follow, paragraph (2) notice becomes necessary.

*Id.*

---

[4] The government contends that we should apply that the BIA's decision in *Matter of Laparra*, 28 I. & N Dec. 425 (BIA 2022). In that case the Board held that an alien receives sufficient notice if he receives either "a statutorily compliant notice to appear under section [1229(a)(1)] specifying the time and place of the hearing at which he or she may be ordered removed and the consequences of failing to appear for that hearing" or a "statutorily compliant notice of hearing under section [1229(a)(2)], notifying him or her of this information." *Id.* at 433. Three of our sister circuits have already declined to follow *Matter of Laparra*, including the First Circuit reviewing that case directly, by concluding that the clear text of § 1229(a) trumps the BIA's decision. *See Laparra-Deleon v. Garland*, 52 F.4th 514, 520 (1st Cir. 2022); *Singh v. Garland*, 24 F.4th 1315, 1317 (9th Cir. 2022), *reh'g en banc denied*, 51 F.4th 371 (9th Cir. 2022); *Rodriguez v. Garland*, 15 F.4th 351, 355–56 (5th Cir. 2021), *reh'g en banc denied*, 31 F.4th 935 (5th Cir. 2022). And in *Dacostagomez-Aguilar* we recognized that notice can satisfy § 1229(a)(2) only when it is issued because of a change in the time and place of the removal proceedings. 40 F.4th at 1318–19. In any event, the time and date of Mendoza's proceedings were never rescheduled so *Matter of Laparra* is not on point.

Mendoza-Ortiz was ordered removed for failing to attend his first removal hearing.  The date and time of that hearing were never postponed or rescheduled, so the notice required to support his *in absentia* removal order was an NTA.  In *Dragomirescu*, we acknowledged that "[i]n earlier times, DHS and its predecessor agency would often send aliens incomplete notices to appear that left the time and place of the aliens' removal hearings blank."  44 F.4th at 1354 n.2.  But "the Supreme Court has made clear that this approach does not comport with the INA's statutory scheme" and "to comply with the statute, the notice to appear must provide within the four corners of a single document, all the information the statute requires that it contain, including the time and place of the removal hearing."  *Id.* (citing *Pereira*, 138 S. Ct. at 2111, and *Niz-Chavez*, 141 S. Ct. at 1480–85).  Because he never received a single document that contained all the information required to be in an NTA, Mendoza-Ortiz is entitled to rescission.[5]  Accordingly,

---

[5] The government contends that the INS's failure to issue a statutorily compliant NTA should be excused as "harmless error" because Mendoza admits he had actual knowledge of the time and place of his removal proceedings and still failed to attend them.  The language of the notice statute, however, is mandatory.  *See* § 1229(a)(1) ("In removal proceedings under section 1229a of this title, written notice . . . shall be given . . . to the alien.").  Bound by the statute, we cannot excuse the deficient NTA as harmless error.  *See, e.g.*, *Me. Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1320 (2020) ("The first sign that the statute imposed an obligation is its mandatory language: 'shall.' 'Unlike the word "may," which implies discretion, the word "shall" usually connotes a requirement.'") (quoting *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1977 (2016)).

we grant Mendoza-Ortiz's petitions.  If the government wishes to remove Mendoza-Ortiz, it will have to send him a compliant notice to appear at the reopened removal proceedings.  *See Dacostagomez-Aguilar*, 40 F.4th at 1319 ("An alien is eligible for a second chance at removal proceedings if he never received the notice telling him to attend the hearing he missed."); *Jiang*, 568 F.3d at 1258.

**PETITIONS GRANTED.**