**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

JUN 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRNA ELIZABETH DE LEON-GARCIA; et al., | No. 21-70836 |
| Petitioners, | 22-448 |
| v. | Agency Nos. A208-759-013<br>A208-759-011<br>A208-759-012 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2023[**]
Pasadena, California

Before: WALLACE and OWENS, Circuit Judges, and FITZWATER,[***] District Judge.

Mirna Elizabeth De Leon-Garcia (De Leon), a native and citizen of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Guatemala, and her minor children (collectively, Petitioners) petition for review of the Board of Immigration Appeals' (BIA) dismissal of their appeals from the immigration judge's (IJ's) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Petitioners also petition for review of the BIA's denial of their motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's legal conclusions de novo and the BIA's factual findings for substantial evidence, and review the BIA's denial of a motion to reopen for abuse of discretion. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022); *Ahwazi v. INS*, 751 F.2d 1120, 1122 (9th Cir. 1985). We deny the petitions.

Petitioners argue that the BIA erred because it should have conducted a meaningful analysis of the cognizability of their proposed social group—spouses and children of individuals living in the United States who send money back to Guatemala to support their family and are targeted by gang members for extortion in exchange for safety—before it could make a determination on whether Petitioners demonstrated a nexus between membership in that group and future or past persecution, and thereby deny their applications. Petitioners argue that, because they planned to challenge the IJ's determination on the cognizability of the proposed social group before challenging any nexus determination, they did not waive any arguments challenging the nexus finding.

The IJ did not err in denying Petitioners' applications on the basis of a lack of a demonstrated nexus. The lack of a nexus between the harm that an applicant suffered and a protected ground is dispositive of asylum and withholding of removal applications. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). Here, the IJ considered Petitioners' proposed social group, and determined that, even if it is cognizable, Petitioners had still not demonstrated a nexus between that group and the harm they claim. The IJ was not required to make a definitive decision about the social group prior to arriving at this conclusion.

Petitioners did not sufficiently raise the nexus argument before the BIA, which upheld the IJ's nexus determination and denied their applications. Petitioners posit that they "clearly argued" their nexus issue before the BIA, but concede that they failed to make explicit arguments on this issue in their briefing. Broad arguments do not provide the BIA with notice of what specific conclusions petitioners appeal. 8 C.F.R. § 1003.3(b); *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) ("A petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal."). Petitioners had not properly "put the issue . . . before the BIA such that it had the opportunity to correct its error," and the BIA did not err in concluding that they had waived objections to the nexus issue on appeal. *Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011) (internal quotations omitted).

3

Petitioners also contend that, because they were served with invalid Notices to Appear (NTAs) for their removal proceedings, the immigration court's jurisdiction never actually vested in their cases in the first instance, and thus their removal proceedings should be terminated. The original NTAs served on Petitioners failed to specify a time and date of their removal hearings as required by 8 U.S.C. § 1229(a)(1)(G)(i), though Petitioners later received notices of hearing with such information and attended their proceedings. An NTA that does not specify the time and place of removal proceedings is insufficient to trigger the stop-time rule and in absentia removal proceedings. *See Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018); *Singh v. Garland*, 24 F.4th 1315, 1318 (9th Cir. 2022). However, we have never held that a defective NTA divests the immigration court of jurisdiction, and Petitioners point to no authority that contradicts this conclusion. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023) ("[T]he failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction."). Therefore, though Petitioners may have been served insufficient NTAs, the immigration court still had jurisdiction to conduct their removal proceedings.

Finally, Petitioners argue that, if their challenge to their insufficient NTAs is more appropriately treated as a claim-processing issue rather than a jurisdictional

4

issue, we should remand to the agency so that it may consider whether their claim was timely raised. *Bastide-Hernandez* held that the filing of an NTA or other charging document with the immigration court is a non-jurisdictional, claim-processing issue. *Id.* at 1191. Though this court has not yet explicitly held when a claim-processing issue is timely raised, we have held that a petitioner must allege a claim-processing violation related to defects in an NTA in the proceedings before the agency in order to properly exhaust her claim. *Umana-Escobar v. Garland*, No. 19-70964, -- F.4th --, 2023 WL 3606117, at *5 (9th Cir. May 23, 2023). Because Petitioners never alleged before the BIA that their defective NTAs were claim-processing violations, they did not exhaust this claim, and therefore we deny this portion of the petition. *See id.*

The stay of removal remains in place until the mandate issues.

**PETITIONS DENIED.**