**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDUARDO RAMIREZ SANTIAGO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-619

Agency No.
A213-088-526

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023[**]
San Francisco, California

Before: SILER, NGUYEN, and R. NELSON, Circuit Judges.[***]

Eduardo Ramirez Santiago, a native and citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

immigration judge's ("IJ") denial of his motion to suppress, motion to terminate, and corresponding order of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's factual findings for substantial evidence and its legal conclusions de novo, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition for review.

1.      The BIA did not err in denying Ramirez Santiago's motion to suppress the Form I-213 introduced by the Department of Homeland Security. The Fourth Amendment's "exclusionary rule generally does not apply to removal proceedings." *Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018). We permit an exception, however, "when the agency egregiously violates a petitioner's Fourth Amendment rights." *Id.*

Officers did not commit an egregious violation of Ramirez Santiago's Fourth Amendment rights when they stopped his vehicle. *United States v. O'Connor*, 658 F.2d 688, 691 (9th Cir. 1981) ("It is obvious that in executing the warrant, the agents could stop the vehicle in which they reasonably thought [the warrant target] was a passenger."). Nor did they egregiously violate his Fourth Amendment rights during the stop by asking him for identification, *United States v. Diaz-Castaneda*, 494 F.3d 1146, 1152–53 (9th Cir. 2007), or by asking him about his immigration status, *see Muehler v. Mena*, 544 U.S. 93, 100–01 (2005).

Ramirez Santiago's testimony that officers stopped him "because of [his] car" and because he "looked suspicious" does not alter our analysis. The stop was objectively reasonable because officers reasonably believed that a subject of an ICE warrant was a passenger in Ramirez Santiago's car. Neither the officers' subjective motivations for stopping Ramirez Santiago nor the justifications they gave to Ramirez Santiago for the stop affect the objective reasonableness of their actions. *United States v. Taylor*, 60 F.4th 1233, 1240 (9th Cir. 2023) ("The officers' subjective motivations, whatever they may have been, could not change the objective reasonableness of their actions."); *see also United States v. Magallon-Lopez*, 817 F.3d 671, 675 (9th Cir. 2016) ("The standard for determining whether probable cause or reasonable suspicion exists is an objective one; it does not turn either on the subjective thought processes of the officer or on whether the officer is truthful about the reason for the stop.").

2.    Ramirez Santiago argues that we should terminate his proceedings because his notice to appear did not contain the date and time of his hearing. Ramirez Santiago insists that his argument is not jurisdictional. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) ("[T]he failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction."). Rather, Ramirez Santiago maintains that termination is required because his notice was defective under *Singh v. Garland*,

3

24 F.4th 1315, 1318 (9th Cir. 2022) and *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1485 (2021).

But before both the IJ and the BIA, Ramirez Santiago relied specifically on the jurisdictional ground that he now disclaims. Thus, Ramirez Santiago's argument for termination on non-jurisdictional grounds is unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION DENIED.**