**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 2 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

FRANCIS HERNANDEZ RIVERA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-2381

Agency No.
A208-121-631

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2024**
Pasadena, California

Before: SCHROEDER, CALLAHAN, and WALLACH, Circuit Judges.***

Francis Hernandez Rivera, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying as untimely

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Evan J. Wallach, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

his second motion to reopen and terminate proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

This is Petitioner's second motion to reopen contending that his Notice to Appear ("NTA") was defective in not specifying the date or time of his proceedings. He contends that equitable tolling should apply, principally because he reads our Court's decision in *Singh v. Garland* as a fundamental change in the law. *See* 24 F.4th 1315 (9th Cir. 2022) *vacated and remanded sub nom. Campos-Chaves v. Garland*, 144 S. Ct. 1637 (2024). Petitioner, however, did not file the motion until ten months after *Singh* was decided and has not shown that he diligently pursued his rights. Accordingly, the BIA properly declined to toll the deadline. *See Lona v. Barr*, 958 F.3d 1225, 1231−32 (9th Cir. 2020). Moreover, *Singh* has been vacated, *see Campos-Chaves*, 144 S. Ct. at 1651, and it does not support reopening, in any event, because Petitioner was ordered removed after a merits hearing, not in-absentia, *see Singh*, 24 F.4th at 1320.

The defects in the NTA did not deprive the immigration court of jurisdiction. After receiving the NTA, Petitioner received separate notice of the time and place of his proceedings and attended all relevant hearings. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019). Therefore, the NTA's defects did not affect the outcome of the proceedings, and thus there was no due process violation. *See Zetino v. Holder*, 622 F.3d 1007, 1013−14 (9th Cir. 2010). The BIA had no reason

to use its sua sponte authority to reopen under 8 C.F.R. § 1003.2(a) to address the

purported violation.  *See Cui v. Garland*, 13 F.4th 991, 1001 (9th Cir. 2021).

**PETITION DENIED.**