**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAR 31 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MIGUEL ANGEL PEREDO-LUNA, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-2350 Agency No. A200-230-604 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 27, 2025**
Pasadena, California

Before: BOGGS***, FRIEDLAND, and BRESS, Circuit Judges.

Petitioner Miguel Angel Peredo-Luna, native and citizen of Mexico, seeks

review of the Board of Immigration Appeals ("BIA") order denying his motion for

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

termination of proceedings. We review the BIA's legal conclusions de novo. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

Peredo-Luna argues that under *Singh v. Garland*, 24 F.4th 1315 (9th Cir. 2022), his removal proceeding should be terminated because his notice to appear failed to provide the time, date, and place of his first hearing. *Singh*, however, was vacated by the Supreme Court in *Campos-Chaves v. Garland*, 602 U.S. 447 (2024), which held that *in absentia* removal orders cannot be rescinded solely on the ground that the notice to appear omitted the time and place of the first hearing. *See id.* at 461-62. Peredo-Luna does not cite any other authority supporting his contention that the omission of the place and time of his initial hearing from his notice to appear should result in termination of his removal proceeding, and that argument is foreclosed by Ninth Circuit and BIA caselaw. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (holding that lack of hearing information in notice to appear does not deprive immigration court of subject-matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information); *In re Fernandes*, 28 I. & N. Dec. 605, 615-16 (B.I.A. 2022) (holding that omission of time or place information in a notice to appear does not automatically require termination).

**PETITION DENIED**.