NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR GONZALES-ALARCON, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-1996 Agency No. A205-578-209 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2025[**]
Phoenix, Arizona

Before: TALLMAN, BADE, and LEE, Circuit Judges.

Hector Gonzales-Alarcon, a native and citizen of Mexico, seeks review of the

Board of Immigration Appeals' (BIA) denial of his motion to reopen immigration

proceedings. We review the denial for abuse of discretion. *Cui v. Garland*, 13 F.4th

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

991, 995 (9th Cir. 2021).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Gonzales-Alarcon raises one issue on appeal—whether the BIA acted contrary to law when it denied his motion to reopen proceedings notwithstanding the failure to serve him with "a Notice to Appear in a single document specifying the time and date of the noncitizen's removal proceedings." *Singh v. Garland*, 24 F.4th 1315, 1317 (9th Cir. 2022), *rev'd sub nom. Campos-Chaves v. Garland*, 602 U.S. 447 (2024).  He correctly points out that his initial notice to appear did not specify the time and date of his removal proceedings.  But a defective initial notice alone does not justify reopening so long as the noncitizen was later given a written notice "that includes 'the new time or place of the proceedings' and the consequences of 'failing . . . to attend such proceedings.'"  *Campos-Chaves*, 602 U.S. at 461–62 (quoting 8 U.S.C. § 1229(a)(2)(A)).  Gonzales-Alarcon received such notice and indeed attended his removal hearing at the date and time specified in that notice.  Accordingly, the BIA did not act contrary to law in denying his motion.

**PETITION DENIED.**