NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER ERNESTO RAYMUNDO-LIMA,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 21-328<br><br>Agency No.    A077-260-082<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 08, 2023[**]
San Francisco, California

Before: FRIEDLAND, R. NELSON, Circuit Judges and CARDONE[***],
District Judge.
Concurrence by Judge R. NELSON.

    Walter Ernesto Raymundo-Lima, a native and citizen of El Salvador,

petitions for review of a decision by an Immigration Judge, which denied his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

second motion to reopen or reconsider his reasonable fear proceeding. We have jurisdiction under 8 U.S.C. § 1252, except where otherwise noted below. *Bartolome v. Sessions*, 904 F.3d 803, 809, 815 (9th Cir. 2018); *Ayala v. Sessions*, 855 F.3d 1012, 1018, 1020–21 (9th Cir. 2017). We deny the petition in part and dismiss it in part.

1.      Petitioner first argues that the IJ erred by not considering his argument to equitably toll the deadline for filing his motion. We review this decision for abuse of discretion. *Cui v. Garland*, 13 F.4th 991, 1000 (9th Cir. 2021). The IJ acknowledged that Petitioner raised an equitable tolling argument. But by failing to explicitly consider and decide whether Petitioner was entitled to tolling, the IJ abused its discretion. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005).

The error, however, was harmless. Equitable tolling may be warranted "based on a change in the law that invalidates the original basis for removal." *Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020). Petitioner argued that *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), invalidated the basis for his underlying removal order because he was never notified of his removal hearing's time and place, either in his initial Notice to Appear or in a later notice. But Petitioner was not entitled to notice of the time and place of his removal hearing because he never provided his address to the government. *See Velasquez-Escovar v. Holder*, 768 F.3d 1000, 1003 (9th Cir. 2014); 8 U.S.C. § 1229a(b)(5)(B). Assuming *Karingithi* represented a change in the law,

2

it was not "a change in the law that invalidate[d] the original basis for [Petitioner's] removal," which would be required to justify equitable tolling. *See Lona*, 958 F.3d at 1230. Because Petitioner's equitable tolling argument lacked merit, he was not prejudiced by the IJ's failure to explicitly consider it. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021). Accordingly, the Petition is denied as to the request for equitable tolling. *See Lona*, 958 F.3d at 1232.

2. Petitioner next argues that the IJ erred by not reopening or reconsidering the proceeding sua sponte. We review the IJ's sua sponte decision only "for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). An IJ commits a reviewable error when it improperly defines the scope of its own jurisdiction. *Lona*, 958 F.3d at 1234; *Singh v. Holder*, 771 F.3d 647, 652 (9th Cir. 2014). Here, the IJ held that it could not consider "the validity of [Petitioner's] underlying removal [in absentia]" because it was "not properly before [the IJ] in a reasonable fear proceeding." But a petitioner can challenge an in absentia removal—and the IJ has jurisdiction to hear these challenges—"at any time." *Miller v. Sessions*, 889 F.3d 998, 1002–03 (9th Cir. 2018) (quoting *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam)).

That error, too, was harmless. *See Kazarian v. USCIS*, 596 F.3d 1115, 1118–19 (9th Cir. 2010). "An *in absentia* removal order can be rescinded if a noncitizen 'did not receive notice . . . .'" *Singh v. Garland*, 24 F.4th 1315, 1317

3

(9th Cir. 2022) (quoting 8 U.S.C. § 1229a(b)(5)(c)(ii)). But, as discussed, Petitioner was not entitled to notice of his removal hearing because he never provided his address to the government. *See Velasquez-Escovar*, 768 F.3d at 1003. Accordingly, the Petition is denied as to the request for sua sponte reopening to challenge the underlying removal order. *See Lona*, 958 F.3d at 1234–35.

3. Petitioner also asks us to remand his case so he can file for cancellation of removal. But he already requested that the IJ reopen or reconsider his case sua sponte so he could seek this relief. The IJ denied sua sponte reopening or reconsideration without explicitly adjudicating his request. When exercising its sua sponte power, an IJ may reject arguments without explaining its reasoning. *See Ekimian v. INS*, 303 F.3d 1153, 1157, 1159 (9th Cir. 2002). Accordingly, the Petition is dismissed as to the request for a remand to seek cancellation of removal. *See Go v. Holder*, 744 F.3d 604, 609–10 (9th Cir. 2014).

4. Petitioner makes various other challenges to the IJ's sua sponte decision. But in none of these arguments does Petitioner contend that the IJ committed a legal or constitutional error. We therefore dismiss these challenges for lack of jurisdiction. *See id.*

**PETITION DENIED in part and DISMISSED in part.**

4

*Raymundo-Lima v. Garland*, No. 21-328

R. NELSON, Circuit Judge, concurring in the judgment:

I would deny Raymundo-Lima's petition because his opening brief did not preserve his claims on appeal. The content of Raymundo-Lima's brief totaled just six pages and dedicated only three pages to his arguments. The majority takes on a heavy lift in articulating the arguments that it then rejects. But in my view, it is nearly impossible to understand the arguments the brief makes. The brief raises issues without providing context or explanation for how they relate to the immigration judge's (IJ) decision, how they relate to the relief sought, or why they are relevant at all. The brief falls well short of the standard for preserving arguments on appeal. *See* Fed. R. App. P. 28(a)(8) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and . . . for each issue, a concise statement of the applicable standard of review."); *Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) ("Arguments made in passing and inadequately briefed are waived."); *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." (cleaned up)). I am mindful of the pressures that many counsel for petitioners in these immigration cases face. But in this case, counsel's efforts fell woefully short of preserving any meaningful arguments.

1

Even if Raymundo-Lima's arguments were not waived (and assuming they are in fact the arguments the majority addresses), I would dismiss the petition for different reasons than the majority. We lack jurisdiction to review the agency's decision not to invoke its sua sponte authority except when the agency's decision is based on legal or constitutional error. *Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020); *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002). Such error exists when the agency relies "on an incorrect legal premise" or an "incorrect belief that it lacked authority to reopen." *Lona*, 958 F.3d at 1233 (internal quotation marks and citations omitted). And our review "is limited to those situations where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion" or "that exercising its discretion would be futile." *Id.* at 1234. "In other words, our review . . . is constricted to legal or constitutional error that is apparent on the face of the [agency's] decision and does not extend to speculating whether the [agency] *might* have misunderstood some aspect of its discretion." *Id.*

I disagree with the majority that the IJ incorrectly believed she lacked authority to consider Raymundo-Lima's underlying removal proceeding. She determined only that Raymundo-Lima's motion to reopen was directed at his reasonable fear determination, not the removal proceeding. Accordingly, arguments challenging the validity of the removal order were not properly before the IJ. That

conclusion was eminently reasonable given that Raymundo-Lima captioned his motion with the subtitle "In Reasonable Fear Review Proceedings." The majority also agrees that the reasonable fear determination is the subject of Raymundo-Lima's motion to reopen. The IJ did not misapprehend the scope of her authority by declining to address arguments directed at the removal proceeding, including Raymundo-Lima's equitable tolling argument. Thus, even if Raymundo-Lima properly raised and preserved the arguments that the majority addresses, the jurisdictional bar to reviewing the agency's decision not to invoke its sua sponte authority warrants dismissing Raymundo-Lima's petition. *See id.* at 1232–33.